## GODISH v. UNITED STATES.

No. 4045.

United States Court of Appeals
Tenth Circuit.

May 8, 1950.

John W. Patterson, Denver, Colo., for appellant.

Thomas A. Gilliam, Assistant United States Attorney, Denver, Colo. (Max M. Bulkeley, United States Attorney, District of Colorado, Denver, Colo., was with him on the brief), for appellee.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

This is an appeal from an order denying a motion to vacate judgment and sentence, filed under Section 2255, 28 U.S.C.A.

Appellant appeared before the United States District Court of Colorado with counsel of his own choice, waived prosecution by indictment, entered a plea of guilty to an information charging a violation of 18 U.S.C.A. § 2312 (Transportation of a stolen vehicle), and was sentenced for a period of three years.

By this motion appellant now seeks to set aside his judgment and sentence on the grounds (1) that the information under which he was sentenced is fatally defective, in that it fails to charge that the automobile, alleged to have been stolen, was transported in interstate commerce, an essential element of the offense; and, (2) that his plea of guilty was entered without an understanding of the nature of the charge against him.

The information charged that within a specified time, appellant "transported a stolen motor vehicle, to-wit: a 1947 Nash Sedan Automobile, Motor Number K-138231, from Pittsburgh in the State of Pennsylvania, to the City of Grand Valley in the State and District of Colorado", knowing the same to have been stolen. Congress has defined "interstate or foreign commerce" to include transportation from one state to another. (18 U.S.C.A. § 408) The information follows the approved form for an indictment for interstate transportation of a stolen motor vehicle (Federal Rules of Criminal Procedure, Form 6, Appendix of Forms, 18 U.S.C.A.), and is legally sufficient to charge an offense under Section 2312.

Appellant was asked by the trial court, when he entered his plea, if he understood the nature of the charge and he answered that he understood he was charged with a "stolen car"; that he did not wish a trial and wanted to enter a plea of guilty. He now says that he was led to believe that the act of transportation alone was sufficient to establish his guilt; that had he known the car transported must have been a stolen one he would not have entered a plea of guilty. He offers to show that the automobile in question was not in fact a stolen vehicle, but one which he had purchased and on which he had made a partial payment. Thus, he contends that under Hite v. United States, 10 Cir., 168 F.2d 973, he could not be validly charged with the transportation of a stolen automobile.

Appellant's answers to the questioning of the trial court clearly shows that he did understand the nature of the charge against him, and that it involved the interstate transportation of a stolen automobile. By his plea of guilty he admitted all the facts

well pleaded in the information, and he cannot now retry them here. Weatherby v. United States, 10 Cir., 150 F.2d 465; Lindsay v. United States, 10 Cir., 134 F.2d 960; Bugg v. Hudspeth, 10 Cir., 113 F.2d 260.

The judgment denying the motion is affirmed.