## THOMPSON v. UNITED STATES.
### No. 14698.

United States Court of Appeals
Eighth Circuit.
Dec. 11, 1952.

---

1. Government brief, p. 9.

2. Government brief, p. 4, in No.10096; Government brief, p. 9, in No.10674.

W. B. Thompson, pro se.

Joseph T. Votava, U. S. Atty., John E. Deming and Edward J. Tangney, Asst. U. S. Attys., Omaha, Neb., for appellee.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying a motion of the defendant (appellant), W. B. Thompson, for the vacation of a sentence of imprisonment imposed by the District Court on March 18, 1949. The sentence was based upon the defendant's plea of guilty to an indictment returned January 7, 1949, which charged: "That on or about November 7, 1948, Williner Banard Thompson transported a stolen motor vehicle from Lincoln, State of Nebraska, in the Lincoln Division of the District of Nebraska, to Pawhuska in the State of Oklahoma, and he then knew the motor vehicle to have been stolen. (18 U.S.C. § 2312)."

Upon his arraignment on March 3, 1949, the defendant was asked the following questions by Government counsel and by the court, and made the following answers:

"Mr. Deming: Are you Williner Bernard Thompson?

"Defendant: Yes.

"Mr. Deming: You are charged in an indictment with transporting a stolen automobile from Lincoln, Nebraska, to the state of Oklahoma. This case was venued in the Lincoln Division. The 25th of February, you signed a request to have this case transferred from the Lincoln Division to the Omaha Division for disposition, and at the time, before you signed it, you were advised of your rights to have an attorney, is that correct?

"Defendant: That is correct.

"Mr. Deming: And you waived any right to consultation at that time of the request for transfer?

"Defendant: Yes.

"The Court: What is your disposition now in the matter?

"Defendant: I remain the same.

"The Court: I want to know if it still continues and whether he adheres to his waiver of the right to be represented by counsel.

"Mr. Deming: How old are you?

"Defendant: 46.

"Mr. Deming: What education have you had?

"Defendant: Highschool.

"Mr. Deming: What business have you been in?

"Defendant: I have been in lots of businesses. Worked on the railroad; farmed for myself.

"Mr. Deming: Do you have a family?

"Defendant: Not now.

"Mr. Deming: Do you have funds with which to hire an attorney?

"Defendant: No, sir.

"Mr. Deming: You understand a man charged with a crime in federal court, such as this, if he does not have funds to hire an attorney, the court will appoint one to advise and consult with him?

"Defendant: I do.

"Mr. Deming: Understanding that, and understanding you are charged with transportation of a stolen motor vehicle, for which the penalty is a fine of not more than five thousand dollars, maximum, nor more than five years, or both, do you desire to have the court appoint an attorney for you before proceeding?

"Defendant: No, sir.

"Mr. Deming: You waive the appointment of an attorney?

"Defendant: I do.

"Mr. Deming: Are you ready for arraignment?

"Defendant: I am.

"Mr. Deming: Let me ask you, have you had a copy of this indictment?

"Defendant: I have it in my pocket, and I saw a copy of it.

"Mr. Deming: Nevertheless, at this time, I would like to deliver a copy to you and get a receipt from you for it. I hand you the indictment. I sign as witness. Dated it March 3, 1949. I file the receipt. Are you ready for arraignment?

"Defendant: Yes, sir.

"Mr. Deming: (Reading indictment). How do you plead to the one count of the indictment?

"Defendant: Guilty as charged."

At the time the defendant was sentenced on March 18, 1949, the following proceedings were had:

"Mr. Deming: Are you Williner Bernard Thompson?

"Defendant: Yes, sir.

"Mr. Deming: I see you do not have an attorney?

"Defendant: No sir.

"Mr. Deming: You were advised of your rights to have an attorney previously, is that correct?

"Defendant: That is right.

"Mr. Deming: You understand that even at this stage you have the right to ask for the appointment of an attorney?

"Defendant: Yes, sir.

"Mr. Deming: Is it your desire to proceed to sentence without the services of an attorney, or do you desire to have one appointed?

"Defendant: I don't need one.

"Mr. Deming: In other words, you waive the appointment of an attorney at this time?

"Defendant: That is right.

"The Court: Mr. Williner Bernard Thompson, you were indicted by a grand jury, charged with the offense of transporting a stolen automobile in interstate commerce. To that indictment you have entered a plea of guilty. Is there anything you wish to say now why sentence of the court should not be pronounced?

"Defendant: No, sir.

"The Court: It is just one count?

"Mr. Deming: Just one count, your honor.

"The Court: It is the sentence of the court that you shall be confined to the custody of the Attorney General of the United States for a period of five years, and that as part of the sentence, the firearms and ammunition which you had in your possession and which were seized by the Government officers, be confiscated to the Bureau of Federal Investigation, the F. B. I. These articles consisted of a pistol, and what else?

"Mr. Deming: .32 caliber U. S. make revolver; #51291 .32 caliber automatic pistol; #3660 .22 caliber Liberty model revolver serial No. 507410–12, M over M x Choke, H. R. Handy Gun, serial #21382."

The defendant on June 9, 1952, filed a motion under § 2255, Title 28 U.S.C.A., for the vacation of his sentence, based upon the claim that the motor vehicle he was charged with having transported was not stolen within the meaning of § 2312, Title 18 U.S.C.A., but was procured from its owner by the use of a fraudulent check. The defendant asserted, therefore, that he had erroneously pleaded guilty to an erroneous charge and had been erroneously sentenced for a crime he did not commit.

The files and records of the District Court conclusively showed that the defendant was charged with transporting a stolen motor vehicle in interstate commerce, knowing that it had been stolen; and that he was offered the assistance of counsel, waived his right to counsel, and voluntarily entered a plea of "Guilty as charged."

"A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence." Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009.

The defendant having convicted himself by advisedly and voluntarily entering a plea of guilty, there was no basis for an order vacating the sentence which the law authorized the District Court to impose, and no occasion for a hearing upon his motion to vacate the sentence. The question whether the motor vehicle referred to in the indictment was stolen or was procured by fraud was foreclosed by the defendant's plea and was not an issue which could be tried on a motion to vacate sentence. See Godish v. United States, 10 Cir., 182 F.2d 342 and cases cited.

The order appealed from is affirmed.