**UNITED STATES of America,**
**Appellee,**

v.

**Mordecai M. MILLER, Appellant.**
**No. 333, Docket 24980.**

United States Court of Appeals
Second Circuit.

Argued April 11, 1958.

Decided May 8, 1958.

Mordecai M. Miller, appellant pro se.

Paul W. Williams, U. S. Atty., New York City, for appellee, Donald H. Shaw, Asst. U. S. Atty., New York City, of counsel.

Before SWAN, HINCKS and MOORE, Circuit Judges.

PER CURIAM.

This is an appeal from an order entered December 10, 1957, which denied appellant's motion under 28 U.S.C.A. § 2255 to vacate the sentence imposed upon him in September 1956 under an indictment charging evasion of income taxes in violation of § 145(b) of Internal Revenue Code of 1939 as amended, 26 U.S.C.A. § 145(b). To this indictment the defendant originally pleaded not guilty, but at the close of the Government's case he changed his plea to guilty. After interrogation, the trial judge accepted the plea as made voluntarily with understanding of the nature of the charge. The sentence imposed was five years imprisonment and a fine of $20,000.00.

The present motion was referred to Judge Holtzoff who had presided at the trial and imposed sentence. The alleged grounds for vacating the sentence are (1) that the defendant was innocent, (2) that he was not adequately represented by counsel at the trial, and (3) that his counsel was denied use of Government records for use in cross examination. As the statute permits, the motion was denied without requiring production of the prisoner at the hearing.

Denial of the motion was plainly correct. After conviction on a plea of guilty validly accepted by the trial judge, the defendant cannot by asserting his innocence obtain a retrial of the facts. As stated in Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L. Ed. 1009, "Like a verdict of a jury it [the plea] is conclusive." Godish v. United States, 10 Cir., 182 F.2d 342, 343 is to the same effect. Nor can he assert errors in the conduct of the trial. The sentence is based on the plea, not on the evidence, United States v. Gallagher, 3 Cir., 183 F. 2d 342, 343. Finally, the claim that his attorney was inefficient is of no avail on a motion under § 2255 unless counsel's failure was such as to make the trial "a mockery of justice," United States v. Wight, 2 Cir., 176 F.2d 376, 379. The defendant was represented by counsel of his own choosing who was an able and experienced lawyer. Judge Holtzoff felt that the defendant was ably represented at the trial. We cannot say this finding was clearly erroneous. Accordingly, denial of the motion is affirmed.