Jesse J. STEPHENSON

v.

UNITED STATES of America.

No. 13466.

United States Court of Appeals
Sixth Circuit.

July 10, 1958.

Jacob K. Stein, Cincinnati, Ohio, for appellant.

Marvin D. Jones, Asst. U. S. Atty., Lexington, Ky. (Henry J. Cook, Lexington, Ky., on the brief), for appellee.

Before McALLISTER, MILLER and STEWART, Circuit Judges.

PER CURIAM.

The appellant was indicted for forcibly seizing and unlawfully transporting a woman in interstate commerce on July 12, 1947, in violation of the provisions of Section 408(a), Title 18, U. S. Code, 1940 Edition. Following a plea of not guilty, he was tried by jury, found guilty, and on February 2, 1948, received a sentence of life imprisonment. At the trial he was represented by two attorneys

of his own choosing. No appeal was taken.

On September 30, 1957, appellant filed his present motion under the provisions of Section 2255, Title 28 U.S.Code, to vacate the judgment. The motion was overruled by the District Judge, followed by this appeal.

Appellant contends that he was illegally deprived of certain constitutional rights because (1) he was not taken before an available Commissioner after his arrest without unnecessary delay, in violation of Rule 5(a), Rules of Criminal Procedure, 18 U.S.C. and (2) the Government was improperly allowed to use in the trial a coerced confession taken while he was in custody. He relies chiefly upon McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819; Anderson v. United States, 318 U.S. 350, 63 S.Ct. 599, 87 L.Ed. 829; and Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L. Ed.2d 1479.

The record shows the following uncontradicted facts. Two men forcibly took an automobile from a man and his female companion in Covington, Kentucky, forced the man from the car and transported the woman in the stolen car from Covington, Kentucky, to Cincinnati, Ohio, near midnight on July 11, 1947. During the early hours of July 12 they physically assaulted the woman. On July 12, the appellant was arrested by Cincinnati police officers in or near the car and in the presence of the victim. The other man escaped. The United States Commissioner at Covington, Kentucky, issued a warrant of arrest on July 14, 1947. Appellant was arrested on this federal warrant by a deputy United States Marshal on July 25, 1947, and was immediately taken before the United States Commissioner for a preliminary examination.

Appellant's motion states that during the period of July 12 to July 25 he was questioned, beaten, made to fear for his life, and thus forced to sign a confession. However, the record shows that this confession was not used in the trial or introduced in evidence.

Following his commitment as a federal prisoner on July 25, he was interviewed by two FBI Agents, to whom he gave a written and signed statement pertaining to the events occurring on July 11 and 12. This statement was not used by the Government in presenting its case in chief. However, appellant testified in his own defense, and the Government in cross-examination of appellant questioned him about certain conflicts in his testimony with his earlier written statement, and in rebuttal called the FBI Agents who testified that appellant had made the statement to them to which the Government had referred. The written statement itself was not introduced in evidence, and no objection was made by appellant's attorneys to this evidence.

■ This review of the record shows that the alleged coerced confession was not only not used in the trial, but was taken by city police officers while appellant was in custody of the State. Appellant's motion does not claim that any Government agent participated in this alleged physical mistreatment of him or that his statement to the FBI Agents was obtained by improper action on the part of the Agents. The record also refutes the contention that the provisions of Rule 5(a), Rules of Criminal Procedure, were not complied with. Although appellant was in custody some thirteen days after his arrest and before he was taken before the United States Commissioner, he was not in federal custody during that period. He was not arrested under the federal warrant until July 25, at which time he was immediately taken before the United States Commissioner. Under the facts of this case, the rulings in McNabb v. United States, supra; Anderson v. United States, supra; and Mallory v. United States, supra, are not applicable. United States v. Carignan, 342 U.S. 36, 72 S.Ct. 97, 96 L.Ed. 48; White v. United States, 5 Cir., 200 F.2d 509, 512, certiorari denied 345 U.S. 999, 73 S.Ct. 1142, 97 L.Ed. 1405. See:

Burdeau v. McDowell, 256 U.S. 465, 475, 41 S.Ct. 574, 65 L.Ed. 1048.

In addition, in each of the three cases relied on by appellant, there was a direct appeal from a judgment of conviction, involving a question of the admissibility of evidence. It is well settled that a motion to vacate a sentence under Section 2255 can not be used as a substitute for an appeal. In the absence of exceptional circumstances, which are not present in this case, the admissibility of evidence used in the trial, which was subject to review on appeal, will not be reviewed in such a proceeding. Hill v. United States, 6 Cir., 223 F.2d 699, 701, certiorari denied 350 U.S. 867, 76 S.Ct. 113, 100 L.Ed. 768; Ford v. United States, 6 Cir., 234 F.2d 835, 836, certiorari denied 352 U.S. 972, 77 S.Ct. 364, 1 L.Ed.2d 325; Smith v. United States, 88 U.S.App.D.C. 80, 187 F.2d 192, 197, certiorari denied 341 U.S. 927, 71 S.Ct. 792, 95 L.Ed. 1358.

The judgment is affirmed.