Roy Vester CLARK, Jr., Appellant,

v.

UNITED STATES of America,
Appellee.

No. 13847.

United States Court of Appeals
Sixth Circuit.

Dec. 31, 1959.

Booth Shepard, Cincinnati, Ohio (appointed by the court), for appellant.

C. C. Ridenour, Asst. U. S. Atty., Knoxville, Tenn. (John C. Crawford, Jr., U. S. Atty., Knoxville, Tenn., on the brief), for appellee.

Before SHACKELFORD MILLER, Jr., and CECIL, Circuit Judges, and WM. E. MILLER, District Judge.

PER CURIAM.

Appellant was indicted for causing to be transported in interstate commerce, with unlawful and fraudulent intent, "a falsely made, forged and counterfeited security, knowing the same to have been falsely made, forged and counterfeited", in violation of Sec. 2314, Title 18, U.S.Code. He was represented by court-appointed counsel. After an initial plea of not guilty, the plea was withdrawn and a plea of guilty entered. He was sentenced to a term of five years.

Appellant thereafter filed a motion to vacate the sentence, under the provisions of Sec. 2255, Title 28 U.S.Code, relying upon several different grounds. On the hearing of the motion, the District Judge heard testimony not only on the grounds set out in the motion, but also relative to the execution of the checks in question, and heard argument on the

legal question of whether the Government's evidence showed a violation of the statute.

This evidence showed execution of the checks by appellant in his own name on a non-existent bank. The District Judge ruled as a matter of law that such evidence showed a falsely made or forged security within the wording of the statute and denied the motion. This appeal followed.

We are of the opinion that the sufficiency of the evidence to support appellant's sentence cannot be challenged by a motion to vacate under Sec. 2255. A motion to vacate cannot be used as a substitute for an appeal. Davilman v. United States, 6 Cir., 180 F.2d 284; Austin v. United States, 6 Cir., 224 F.2d 273; certiorari denied 350 U. S. 865, 76 S.Ct. 108, 100 L.Ed. 766; Stephenson v. United States, 6 Cir., 257 F.2d 175, 177. The indictment charged an offense under the statute, of which the sentencing court had jurisdiction. The Court had jurisdiction over the appellant. The judgment was not subject to collateral attack under Sec. 2255. Stegall v. United States, 6 Cir., 259 F. 2d 83, 84, certiorari denied 358 U.S. 886, 79 S.Ct. 128, 3 L.Ed.2d 114; Kreuter v. United States, 10 Cir., 201 F.2d 33, 35.

We cannot now inquire into whether the Government's evidence was sufficient to prove the commission of the alleged offense. Appellant by his voluntary plea of guilty, admitted all of the facts well pleaded in the indictment. Such issues cannot be raised later by a motion to vacate sentence. United States v. Caufield, 7 Cir., 207 F. 2d 278, 280; Smith v. United States, 10 Cir., 205 F.2d 768, 771; Thompson v. United States, 8 Cir., 200 F.2d 143, 146; Woodring v. United States, 8 Cir., 248 F.2d 166, 169; Hornbrook v. United States, 5 Cir., 216 F.2d 112; Godish v. United States, 10 Cir., 182 F.2d 342. See: Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009.

The sufficiency of the evidence is not in issue, since the sentence is based on the plea of guilty, not on the evidence. United States v. Miller, 2 Cir., 254 F. 2d 523. The fact that the evidence may have been insufficient to sustain the conviction does not deprive the Court of jurisdiction so as to make the judgment void. United States v. Gallagher, 3 Cir., 183 F.2d 342, 345; Davilman v. United States, supra, 6 Cir., 180 F.2d 284, 286.

This view of the case makes it unnecessary to consider appellant's contention that since he signed his own name and made no change or alteration in the written instrument it was not a forged or falsely made instrument within the meaning of the statute.

The judgment is affirmed.