Richard GRAY, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16569.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 25, 1961.

Decided Feb. 21, 1962.

Mr. Kenneth C. McGuiness, Washington, D. C. (appointed by this court), for appellant.

Mr. Nathan J. Paulson, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Joel D. Blackwell and John R. Schmertz, Jr., Asst. U. S. Attys., were on the brief, submitted on the brief for appellee.

Before WILBUR K. MILLER, Chief Judge, and PRETTYMAN and BAZELON, Circuit Judges.

WILBUR K. MILLER, Chief Judge.

The appellant, Richard Gray, and one Hattie M. Bland, jointly indicted for robbery, were found guilty November 28, 1960. On January 11, 1961, Gray was sentenced and committed. After a timely notice of appeal, he filed in the District Court a motion to be allowed to appeal *in forma pauperis*, which was denied January 30, 1961. This court appointed counsel to file a memorandum in his behalf, and on May 15, 1961, entered the following order:

> "Upon consideration of the petition for leave to prosecute an appeal without prepayment of costs and of the memoranda in support and in opposition, it is

> "Ordered by the Court that the petition is denied without prejudice to the filing of a motion for a new trial or a motion for reconsideration of the denial of leave to proceed in forma pauperis in the District Court on the basis of the material presented to this Court in connection with the allegation of ineffective assistance of counsel only."

Ten days later, pursuant to the privilege thus granted, Gray filed in the District Court a motion for a new trial on the ground that his court-appointed coun-

sel rendered ineffective assistance in that he interviewed the appellant only once before trial and for no more than five or ten minutes, and failed to subpoena two witnesses who would have testified to an alibi. He also moved, apparently as an alternative, for reconsideration of his previous motion to proceed *in forma pauperis*. Gray filed in support of the motion affidavits of his alibi witnesses.

At a hearing in the District Court held July 5, 1961, his trial counsel testified he conferred with appellant five or six times before the trial, and had told appellant's mother to have her brother (appellant's principal alibi witness) get in touch with him, which was not done. Counsel said he had discussed with appellant the advisability of calling the latter's uncle as a witness. After investigation, he concluded the uncle's testimony conflicted with that of the appellant to such an extent that he should not be called as a witness. At the conclusion of the hearing, the trial judge denied the motion. Gray appeals from this denial.

Ordinarily a separate and independent appeal may not be taken from the denial of a motion for a new trial, although the denial may be assigned as error in an appeal from the judgment with respect to which it was filed. An independent appeal may be taken, however, from the order denying a motion for a new trial, when the motion was based upon grounds which arose after judgment and, therefore, could not be urged in an appeal from the judgment itself. United States v. Bertone, 249 F.2d 156, 161 (3rd Cir. 1957).

We shall consider appellant's appeal from the denial of his motion for a new trial as an assignment of error in the appeal from the judgment, of which he gave timely notice, regardless of the fact that it was neither briefed nor argued as such but, on the other hand, was treated by the appellant as an independent appeal from the order denying his motion.

We have examined the affidavits of the two alibi witnesses, sub- mitted in support of the motion for a new trial, and have observed that they conflict in at least one important particular with appellant's testimony at the trial. Hence, we conclude trial counsel acted wisely in not calling the affiants as witnesses, and so gave effective assistance in that respect. Had counsel interviewed appellant only once before trial as the latter claimed, it would not necessarily follow that his assistance was ineffective; but he said he conferred with his client five or six times, and evidently the trial judge chose to believe him instead of the appellant. The charge of ineffective assistance is so often leveled at appointed counsel by convicted defendants that many lawyers dislike to accept assignments in behalf of indigents. Such a charge should not be sustained unless it very clearly appears to be well grounded. Here, the charge of ineffective assistance bordered on the frivolous. The motion for a new trial was properly denied.

No other error was assigned as a reason for reversing the judgment of conviction, and we observe none.

Affirmed.

BAZELON, Circuit Judge, concurs in the result only.