John Mack SMITH, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16801.

United States Court of Appeals
District of Columbia Circuit.

Argued April 24, 1962.

Decided May 10, 1962.

Mr. Ewing Laporte, Washington, D. C. (appointed by the District Court) for appellant.

Mr. Harold H. Titus, Jr., Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Nathan J. Paulson, Asst. U. S. Atty., were on the brief, for appellee.

Before DANAHER, BASTIAN and WRIGHT, Circuit Judges.

PER CURIAM.

This is an appeal from denial of the third motion filed by appellant under 28 U.S.C. § 2255. The history of the ramifications of the case is interesting.

Appellant was indicted on January 12, 1959, for violation of the narcotics laws. On January 16; 1959, with retained counsel present, he pleaded not guilty. Thereafter, his retained counsel withdrew his appearance and other counsel, an esteemed and able member of our bar, was appointed by the court. On March 4, 1959, with counsel present, appellant withdrew his plea of not guilty and pleaded guilty to two of the six counts of the indictment. At the time of this plea, District Judge Letts carefully inquired as to the voluntariness of appellant's decision to plead guilty. On May 1, 1959, District Judge Morris sentenced appellant on the two counts, the remaining four counts being dismissed by the United States Attorney. On June 10, 1959, represented by retained counsel, appellant filed a motion for reduction of sentence, nothing being said in the motion about deprivation of effective assistance of counsel. The main thrust of the motion was not a denial of guilt but that:

> "The facts of the case indicated that defendant was not the prime mover in subject action but was employed by another and then prevailed upon to dispense the narcotics for which he stands convicted."

This motion was denied by Judge Morris after a hearing.

On October 23, 1959, nearly six months later, appellant's first motion under 28 U.S.C. § 2255 was filed, alleging, among other things, ineffective assistance of counsel, that he did not intelligently plead guilty, and that he was coerced by appointed counsel to plead guilty. This was controverted by the appointed counsel. On November 10, 1959, the motion was denied by Judge Morris.

Appellant's second motion under 28 U.S.C. § 2255 was filed on April 6, 1960,

alleging substantially the same grounds as were alleged in his first motion under this section. The second motion was denied by Judge Morris on July 5, 1960.

On June 30, 1961, appellant filed in the District Court his motion to withdraw his plea of guilty, pursuant to Fed.R.Crim.P. 32(d), 18 U.S.C. and for a new trial, and for leave to prosecute his appeal under 28 U.S.C. § 2255 and to proceed under 28 U.S.C. § 1915.

On August 16, 1961, his present counsel, who represents him on this appeal, was appointed and that was his first appearance in the case. Thereafter, on August 17, a hearing was held before District Judge Walsh. At that hearing appellant declined to take the stand in support of his motion, relying on prior proceedings in the case. This motion, appellant's third, was denied in the District Court and this appeal followed.

Our examination of the record and the consideration of the effective service rendered and argument made by present appointed counsel disclose no error on the part of the District Court. It follows that the judgment of the District Court must be affirmed.

This case presents another example of able counsel being vilified and maligned after rendering as effective service as could be rendered in the circumstances of the case. We have heretofore commented on this situation as follows:

> "The charge of ineffective assistance is so often leveled at appointed counsel by convicted defendants that many lawyers dislike to accept assignments in behalf of indigents. Such a charge should not be sustained unless it very clearly appears to be well grounded. Here, the charge of ineffective assistance bordered on the frivolous." Gray v. United States, 112 U.S.App.D.C. 86, 299 F.2d 467, 468 (1962).

In the present case also the charge of ineffective assistance of counsel "bordered on the frivolous."

Affirmed.