John Mack SMITH, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17822.

United States Court of Appeals District of Columbia Circuit.

Argued July 26, 1963.

Decided Oct. 10, 1963.

Petitions for Rehearing En Banc and for Rehearing by the Division Denied Dec. 9, 1963.

See also 113 U.S.App.D.C. 36, 304 F.2d 403.

---

23. S.Rep. No. 857, 85th Cong., 1st Sess. 3 (1957).

24. 43 U.S.C. § 315f (1958).

26. See CLAWSON & HELD 335.

Mr. Ewing Laporte, Washington, D. C. (appointed by the District Court), for appellant.

Mr. Robert D. Devlin, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and Harold H. Titus, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before WILBUR K. MILLER, WASHINGTON and DANAHER, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

Appellant was indicted on January 12, 1959, for violations of the narcotics laws. On January 16, 1959, with retained counsel present, he pleaded not guilty. Thereafter, his retained counsel who had advised him to plead guilty withdrew his appearance, and another able member of our bar was appointed by the court to succeed him. On March 4, 1959, with appointed counsel present, appellant withdrew his plea of not guilty and pleaded guilty to two of the six counts of the indictment, which charged violations of 26 U.S.C. § 4705(a). He stated he understood the nature of the charges in the two counts, and that he had been advised of the possible sentence he might receive on a plea of guilty thereto.[1] No promises had been made to him to induce a plea of guilty, he said, either by his attorney or the United States Attorney. He added that he was completely satisfied with the services of his court-appointed counsel.

After the usual investigative procedure, he was sentenced under 26 U.S.C. § 7237(b) to a single term of eight years which covered both counts to which he

---

1. The statute provides that the penalty shall be not less than five years nor more than 20 years, and may be in addition a fine of not more than. $20,000.

Thus, Smith knew, when he pleaded guilty to two counts, that he could be sentenced to 40 years and that fines totalling $40,000 could be imposed.

pleaded guilty.[2] The remaining four counts were dismissed.

A few weeks thereafter, on June 10, 1959, represented by retained counsel, Smith filed a motion for reduction of sentence, saying

"The facts of the case indicated that defendant was not the prime mover in subject action but was employed by another and then prevailed upon to dispense the narcotics for which he stands convicted."

This motion said nothing about ineffective assistance of court-appointed counsel in connection with the plea of guilty. After a hearing, the motion was denied by the late Judge James W. Morris, who had pronounced sentence.

On October 23, 1959, the appellant filed a motion to vacate the judgment under 28 U.S.C. § 2255, prepared by a "jail house lawyer."[3] He alleged *inter alia* that he did not plead guilty intelligently but was coerced into doing so by appointed counsel who did not give him effective assistance. These allegations were, of course, contrary to his own statements made at the time of pleading guilty, to which we have referred. The objurgated appointed counsel controverted the charges made against him, and Judge Morris denied the motion.

A second motion under 28 U.S.C. § 2255, also prepared by a fellow inmate, was filed April 6, 1960. As it alleged substantially the same grounds alleged before, Judge Morris denied the second motion.

On June 30, 1961, still with prison counsel, appellant filed a motion denom-inated "Motion for withdrawal of guilty plea under Rule 32(d) F.R.C.P. and to prosecute the appeal under Title 28, Section 2255 and to proceed under Title 28, Section 1915 U.S.C." The text of the motion asked "leave to withdraw the plea of guilty, under Rule 32(d), Fed. Rules Cr.Proc. and grant a new trial, to correct manifest injustice."[4] In support of the motion, he again criticized the appointed counsel who had acted for him at the time the plea of guilty was entered, apparently because counsel had advised him to plead guilty. Appellant pointed out that appointed counsel's experience in criminal matters had been limited. On August 16, 1961, appellant's present counsel was appointed to represent him.

Later a hearing was had before Judge Walsh on the motion of June 30, at which appellant declined to take the stand, relying on the prior proceedings. The motion was denied and Smith appealed. We affirmed.[5] After summarizing the several proceedings much in the manner they are described above, we concluded our opinion thus:

"This case presents another example of able counsel being vilified and maligned after rendering as effective service as could be rendered in the circumstances of the case. We have heretofore commented on this situation as follows:

" 'The charge of ineffective assistance is so often leveled at appointed counsel by convicted defendants that many lawyers dislike to accept assignments in behalf of indigents. Such a charge

---

2. In response to appellant's plea for leniency, Judge Morris said:

"Well, I am afraid I can't do what you have asked me to do. I think your participation in this sort of thing is a very serious matter and has to be dealt with accordingly. I also have studied your previous situation *which is not good*, and I feel that the only thing I can do in this that is consistent with the facts and my duty, is a sentence of eight years, and that is the sentence of the Court." (Emphasis supplied.)

3. Appellant's present court-appointed counsel so informed the District Court.

4. Criminal Rule 32(d) is as follows:

"(d) Withdrawal of Plea of Guilty. A motion to withdraw a plea of guilty or of *nolo contendere* may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

5. John Mack Smith v. United States, 113 U.S.App.D.C. 36, 304 F.2d 403 (1962).

should not be sustained unless it very clearly appears to be well grounded. Here, the charge of ineffective assistance bordered on the frivolous.' Gray v. United States, 112 U.S.App.D.C. 86, 299 F.2d 467, 468 (1962).

"In the present case also the charge of ineffective assistance of counsel 'bordered on the frivolous.'"

On October 16, 1962, about five months after our opinion was handed down, appellant filed a fourth motion under 28 U.S.C. § 2255 to vacate the judgment, and under Criminal Rule 32(d) to withdraw his plea of guilty. He alleged his guilty plea was not intelligently and voluntarily made with full understanding of the charge and its consequences, in that he was not advised and did not know he would not be eligible for probation or parole.[6]

This motion was heard and denied October 26, 1962, by Judge McGuire who also denied, as without merit and frivolous, Smith's motion for leave to prosecute an appeal without prepayment of costs. But on March 22, 1963, a division of this court granted appellant's petition for such leave. For that reason, the case is now before us on appeal from Judge McGuire's denial of the fourth motion to vacate the judgment under 28 U.S.C. § 2255 and to withdraw the plea of guilty.

■ At the time he pleaded guilty, Smith stated that he did so voluntarily with understanding of the nature of the charge and its consequences. In ruling on the motion of October 23, 1959, the District Court rejected his contention that he had not pleaded guilty intelligently but was coerced into doing so by appointed counsel. Consequently, the motion of October 16, 1962, which is now before us, contains nothing new except the addition of the words:

"* * * in that neither the Court, nor its clerk, nor court-appointed counsel, nor anyone else ever advised him, and he did not know, that he would not be eligible for probation or parole if a plea of guilty was entered."

A Rule[7] forbids a judge to accept a plea of guilty without first determining that it is "made voluntarily *with understanding of the nature of the charge.*" (Emphasis added.) Obviously this is to assure that the accused be not misled as to the nature of the offense with which he stands charged. There is no requirement that the accused be told what sentence will be imposed. The appellant apparently recognizes this, for in his brief he attacks only the appointed counsel who represented him when he pleaded guilty, saying:

"* * * [A]ppellant was affirmatively mislead [*sic*] by court-assigned counsel in pleading guilty to narcotics offenses by the representation that he could receive probation and that counsel was trying to get it for him, and that he was negatively mislead [*sic*] by the omission of counsel to inform him that in no event could he be paroled ever. * * *"

■ If the allegation that Smith was misled by his appointed counsel is to be cognizable under 28 U.S.C. § 2255 as a ground for vacating the judgment, it

---

6. It is true that, having pleaded guilty to violations of 26 U.S.C. § 4705(a), Smith could not be granted probation and could not become eligible for parole. It was so provided on July 18, 1956, by an amendment to 26 U.S.C. § 7237(b), which is the section prescribing the penalty for violating § 4705(a). 70 Stat. 568, ch. 629, title I, § 103.

7. Criminal Rule 11 provides:
   "A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere.* The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty."
   Some district judges warn defendants pleading guilty to narcotics charges that probation and parole will not be available. Although not required, the giving of such warning is, we think, desirable.

must amount to an allegation of ineffective assistance of counsel of such a kind as to shock the conscience of the court and make the proceedings a farce and a mockery of justice.[8] We think it falls far short of doing so.

■ We turn to consider the present motion to withdraw the plea of guilty under the governing Criminal Rule 32 (d).[9] It should be noted, first, that a motion after sentence to withdraw a plea of guilty is addressed to the discretion of the district judge, and that his action thereon will be disturbed on appeal only for abuse of discretion. This is so well established that citation of supporting authority is unnecessary.

Essentially, Smith's argument is that the non-availability of probation and parole is a consequence of his plea of guilty which was not explained to him when he entered the plea; that therefore the court accepted the plea of guilty without first determining that he, Smith, understood all its consequences,[10] and that withdrawal of the plea should be permitted to correct manifest injustice.

■ The rule is that manifest injustice does not result from a plea of guilty following erroneous advice of counsel as to the penalty which could be imposed. Georges v. United States, 262 F.2d 426, 430 (5th Cir. 1959); United States v. Parrino, 212 F.2d 919 (2nd Cir.), cert. denied 348 U.S. 840, 75 S.Ct. 46, 99 L.Ed. 663 (1954).

Just what the claimed manifest injustice is Smith does not say. He does not assert he would not have pleaded guilty had he been told he could not be granted probation or parole. He entered the plea knowing he could be sentenced to imprisonment for 40 years, without any promise of leniency. Such a sentence, even if parole had been available, would have resulted in confinement for a longer period than the eight unparolable years he received. Yet he says manifest injustice resulted because he was not told probation and parole were not allowable.

■ The appellant has never said in this or any previous motion that he was not guilty of the charge to which he pleaded. To the contrary, when he moved for a reduction of sentence on June 10, 1959, he did not deny but rather admitted his guilt by saying:

"The facts of the case indicated that defendant was not the prime mover in subject action but was employed by another and then prevailed upon to dispense the narcotics for which he stands convicted."

We agree with the Second Circuit[11] that

" * * * When a defendant who has pleaded guilty makes application to withdraw his plea, he should at the very least allege that he was not guilty of the charge to which he pleaded. * * * "

Smith has twice admitted his guilt and still does not repudiate his admissions. It can be said of him as Judge Learned Hand said of Paglia:[12]

" * * * [H]e has twice admitted all the facts constituting the

---

8. The Second Circuit said in United States v. Miller, 254 F.2d 523, 524 (1958): "[T]he claim that his attorney was inefficient is of no avail on a motion under § 2255 unless counsel's failure was such as to make the trial 'a mockery of justice,' United States v. Wight, 2 Cir., 176 F.2d 376, 379 [1949]." The Wight case said, "A lack of effective assistance of counsel must be of such a kind as to shock the conscience of the Court and make the proceedings a farce and mockery of justice," and cited Diggs v. Welch, 80 U.S.App.D.C. 5, 148 F.2d 667, cert. denied 325 U.S. 889, 65 S.Ct. 1576, 89 L.Ed. 2002 (1945).

9. See footnote 4.

10. Some courts have enlarged Criminal Rule 11 by saying that, before accepting a plea of guilty, the judge must determine that the defendant understands its consequences. Smith clearly knew the consequences of his plea in that he knew the maximum penalty which could be imposed.

11. United States v. Norstrand Corp., 2 Cir., 168 F.2d 481 (1948).

12. United States v. Paglia, 190 F.2d 445, 447–448 (2nd Cir. 1951).

crime and he still does not repudiate his admissions. A person indicted for crime may of course insist that only a jury shall decide his guilt; but he must at least deny that he is guilty; he must tender an issue. In the case at bar whether or not Paglia has any ground for relief as to his sentence, surely' he has none for withdrawing his plea. He is not entitled to gamble upon the outcome of a trial in which he could succeed only by repudiating what he has twice conceded and does not now disavow. Justice is not a game; there is no constitutional right to 'throw dust in a juryman's eyes, nor hoodwink a judge who is not overwise.' * * * "

Had probation been available, appellant could hardly have expected it would have been granted, for a defendant with a bad record [13] who pleads guilty to two charges of trafficking in narcotics is not apt to be granted probation by any district judge. So, Smith's complaint of manifest injustice because he now says he did not know probation was unavailable is, in the circumstances, rather fatuous.

■■ It will not be suggested by anybody that, before accepting a plea of guilty to an offense with respect to which parole is a possibility, the judge must determine whether the defendant understands the nature of parole, his eligibility therefor, and the circumstances in which it may thereafter be granted. The reason is, of course, that eligibility for parole is not a "consequence" of a plea of guilty, but a matter of legislative grace. It is equally true that non-eligibility for parole is not a "consequence" of a plea of guilty in § 4705(a) cases, even under the judicial expansion of Criminal Rule 11; rather, it is a consequence of the withholding of legislative grace.

■ We find the ground alleged in support of the motion to withdraw the plea—that appointed counsel led appellant to believe he could be granted proba-

tion and did not tell him he would be ineligible for parole, if he pleaded guilty —quite inadequate to amount to the "manifest injustice" which must appear before the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

We repeat and emphasize what we said in our previous opinion: [14] "This case presents another example of able counsel being vilified and maligned after rendering as effective service as could be rendered in the circumstances of the case." This renewed charge of ineffective assistance of counsel "borders on the frivolous." The allegation that manifest injustice resulted because Smith was not told when he pleaded guilty that he could not receive probation or parole is, in the situation presented, wholly without merit.

Affirmed.

WASHINGTON, Circuit Judge (concurring in the result).

I agree that leave to withdraw the plea of guilty was properly denied. As the court's opinion points out, even if the defendant had mistakenly believed he would be eligible for parole, and pleaded guilty on the basis of that belief, he was not prejudiced thereby. He pleaded guilty with the knowledge that he might possibly be sentenced to forty years, and this period, even with normal parole, would exceed the eight years he did receive.

Rule 11 of the Federal Rules of Criminal Procedure places the trial judge under a duty to determine whether the defendant understands the "nature of the charge." In a particular case, this might well include an understanding of the consequences of a guilty plea. Realistically, I think, eligibility or ineligibility for parole is a "consequence" of a plea of guilty. Certainly the plea of guilty produced the sentence, and the sentence precluded the possibility of parole because of a prior legislative enactment. If parole ("legis-

13. See footnote 2.

14. See footnote 5.

lative grace") is the normal practice,[1] and ineligibility for parole very rare, then pleading guilty because of ignorance of the fact that "legislative grace" had been withheld by special statute might well produce manifest injustice, if the reliance proved to be prejudicial. It would be prejudicial if the defendant received a sentence substantially greater than the maximum he might reasonably have expected, given the possibility of parole.

Here, I do not think "manifest injustice" resulted. But in another case it might have. In any event, I think it would be good practice for the District Court, in all narcotics cases, to warn defendants pleading guilty that parole and probation will not be available to them.

---

1. In most types of cases, of course, release on parole is *mandatory* after certain conditions have been met. See 18 U.S.C. §§ 4161, 4162, 4163. These sections do not on their face disclose that they are not applicable to narcotics offenders.