William Ryene **NESBITT**, Plaintiff-Appellant,

v.

**UNITED STATES of America,**
Defendant-Appellee.

No. 18704.

United States Court of Appeals
Sixth Circuit.

March 5, 1969.

William R. Nesbitt, in pro. per.

Lawrence Gubow, U. S. Atty., Robert E. Hamel, Asst. U. S. Atty., Bay City, Mich., for appellee.

Before CELEBREZZE and PECK, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

This is an appeal by William Ryene Nesbitt, plaintiff-appellant, from an order of the United States District Court for the Eastern District of Michigan, Northern Division, denying his motion for vacation of sentence.

On October 24, 1966, Nesbitt appeared in court and entered a plea of guilty to an information charging him with trans-

porting a stolen automobile in interstate commerce in violation of Section 2312, Title 18, U.S.C. Sentence was deferred pending an investigation and report by the probation department. He appeared in court again on January 17, 1967, and pleaded guilty to an information charging him with an escape from jail, while he was awaiting sentence on the stolen automobile charge, in violation of Section 751, Title 18, U.S.C. On January 23, 1967, he was sentenced to five years imprisonment on each charge, the sentences to run concurrently.

Nesbitt filed a motion for new trial on June 20, 1967, which was treated as a motion to vacate sentence under Section 2255, Title 28 U.S.C., and denied on July 31, 1967. The motion to vacate sentence now before us was filed on October 26, 1967 and denied February 27, 1968. In the interim between the two pleas of guilty the appellant wrote the trial judge that he had been ill-advised and wanted to withdraw his plea of guilty and have a lawyer. A few days later he reversed his position and let his plea of guilty stand. In these motions the appellant does not contest the sentence he received for escaping from jail.

The appellant raises two questions on appeal: (1) That his plea of guilty to the stolen automobile charge was involuntary by reason of promises and threats upon which he relied, and (2) he is not guilty of the offense.

■ The district judge held that the guilt or innocence of the appellant on the factual issues upon which the conviction rests cannot be determined in the Section 2255 proceeding. We agree. See Clark v. United States, 273 F.2d 68 (C.A. 6) and United States v. Parker, 292 F.2d 2 (C.A. 6) and cases therein cited.

On the charge that the plea was involuntary the district judge ruled that this was merely a successive motion covering the same claim that was made in his previous motion to vacate sentence.

"* * * The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." Section 2255, Title 28, U.S.C.

Aside from the fact that the same question had been passed on in a previous motion a transcript of the record of the arraignment and plea of guilty shows that Judge Roth, the sentencing judge, was meticulous to see that the appellant understood the charge and that he was entering a plea of guilty voluntarily and without any promises having been made to him. It also shows that he knowingly waived indictment by a grand jury, trial and representation by a lawyer, either one of his own hiring or court appointed.

After the United States Attorney advised the court that he had explained the procedure to the appellant, including the maximum penalty of $5,000 fine and 5 years imprisonment, the district judge interrogated the appellant as follows:

Q (By the Court) How old are you?

A 20.

Q You have heard the statement of the United States Attorney, is what he tells me true?

A Yes, sir.

Q You know further that you are entitled to be represented by an attorney in these proceedings either at your hire or if you are unable to hire one the Court will appoint one to represent you, you know that, do you not?

A Yes, sir.

Q Do you wish to be represented by an attorney?

A No, sir.

Q You know further, do you not, that you are entitled to a trial on these charges either by the Court without a jury or by jury?

A Yes, sir.

Q Do you understand with what you are charged?

A Yes, sir.

Q Are you prepared to answer to the charge at this time?

A Yes, sir.

Q How do you plead to the charge?

A Guilty.

Q   Are you pleading guilty freely and voluntarily?

A   Yes, sir.

Q   Has anyone made any promise to you of favor or leniency in order to get you to plead guilty?

A   No, sir.

Q   Anyone use any force of any kind to make you plead guilty?

A   No, sir.

Q   I take it then you are pleading guilty because as charged in the information on or about October 10, 1966 to on or about the 12th of October of this year, you did transport a stolen motor vehicle knowing it to be stolen in interstate commerce from Harrison, Arkansas to Saginaw County, Michigan, is that true?

A   Yes, sir.

Q   Are you single or married?

A   Single.

Q   Ever been married?

A   No, sir.

Q   Where is your home?

A   Youngstown, Ohio.

Q   Are you employed?

A   Not at present, sir.

Q   What was your last regular employment and where?

A   With the Missouri Candy Company.

Q   How long were you working for them?

A   Just about a half week.

Q   In Youngstown did you make your home with your parents?

A   My grandparents.

Q   Where are your parents?

A   My mother lives in Barberton, Ohio.

Q   Being 20 years of age you could be committed in excess of five years, you know that, do you not?

A   Yes, sir.

Q   To a maximum of six years if you are committed under the Youth Corrections Authority.

A   Yes, sir.

 After such a careful attempt on the part of the trial judge and the United States attorney to see that the defendant understood the nature of the charge, the procedure and the consequences of a plea of guilty, he can not subsequently be heard to say that his answers were pure fabrication.   Juelich v. United States, 257 F.2d 424 (C.A. 6); United States v. Parker, 292 F.2d 2, 3 (C.A. 6).

Judgment affirmed.