373 A.2d 903 (1977)
In the Matter of E. G. C., Appellant.
No. 8768.
District of Columbia Court of Appeals.
Argued November 18, 1976.
Decided May 19, 1977.
*904 Paul W. Sweeney, Jr., and Jonathan D. Schiller, Washington, D. C., for appellant.
Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., with whom John R. Risher, Jr., Corp. Counsel, Louis P. Robbins, Principal Deputy Corp. Counsel, and Leo N. Gorman, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.
Before KELLY, YEAGLEY and HARRIS, Associate Judges.
YEAGLEY, Associate Judge:
Appellant E.G.C. was found guilty of mayhem and malicious disfigurement (D.C. Code 1973, § 22-506) and robbery by force and violence (D.C.Code 1973, § 22-2901). The sole issue briefed and argued to this court was whether appellant received ineffective assistance of counsel and was therefore entitled to a new factfinding hearing. However, as we shall point out, that issue is not properly before us and, finding that there was sufficient evidence to support the convictions, we affirm.
The charges against E.G.C. arose in connection with an assault which was committed by a group of teen-aged youths. The evidence established that early on the morning of June 6, 1974, between 10 and 15 juveniles attacked and robbed an adult in the parking lot adjacent to his apartment residence. Initially, one youth wearing a white jacket accosted the victim and demanded money. He was quickly joined by other juveniles who began to kick and punch the complainant, and an unidentified attacker grabbed his wallet containing approximately $20. The youths then fled in a northerly direction through a nearby park.
The police arrived on the scene within minutes after the attack. The first officer to reach the parking lot observed the complainant running across the lot "bleeding profusely from the head." The victim gave the officer a general description of his assailants and the officer issued a "tentative lookout" for the juveniles to nearby patrol cars. The arresting officer arrived on the scene immediately thereafter. He spoke briefly to the victim and then left in the direction of the juveniles' flight. Within a few minutes he observed a group of 10-15 juveniles approximately 2½ blocks due north of the incident. The suspects were traveling at a "fairly fast pace" and one youth was seen carrying a white jacket with bloodstains. The officer then stopped all of the youths and advised them that "there was a robbery and [we] wanted to take them back for identification purposes." Without questioning the suspects he placed all of the juveniles into a patrol wagon and returned them to the scene of the attack where the victim was asked to view the group in the wagon as a flashlight was shown on their faces. He stated that the group "looked like they were all part of the incident," but he did not positively identify any of the youths as his assailants. The juveniles were then individually removed from the wagon and visually examined by the officers. Those with bloodstained clothing, including appellant were formally placed under arrest.
E.G.C., along with two other juveniles, was tried and convicted on June 28, 1974. At trial, the complainant positively identified him as one of his assailants. He also identified a bloodstained shirt which was seized from appellant on the night of his arrest.
Judgment was entered against E.G.C. on August 12, 1974. Thereafter, he filed a timely notice of appeal alleging that the guilty findings were based on insufficient evidence. On March 13, 1975, while the *905 original appeal was pending, appellant filed a motion for a new factfinding hearing on the ground that he had received ineffective assistance of counsel. A hearing on the motion was held on August 1, 1975, and the court denied the motion on November 3, 1975, finding that E.G.C. had received "reasonably competent assistance." No notice of appeal from that order was filed by appellant's counsel. When the case was briefed and argued to this court, the only issue presented was whether appellant received ineffective assistance of counsel. The record relative to the August 1 hearing was included as a "supplemental record" on appeal by virtue of a stipulation between the parties.
In his motion for a new factfinding hearing, appellant treated his claim that he received ineffective assistance of counsel as "newly discovered evidence." See United States v. Brown, 155 U.S.App.D.C. 177, 476 F.2d 933 (1973). He was entitled to file a motion based on newly discovered evidence under Super.Ct.Juv.R. 33 even though his original appeal was still pending.[1] Under the rules of this court and case law, however, he was required to file a separate appeal from the denial of that motion if he desired to have that matter reviewed by this court, for it is well established that a ruling by the trial court denying a motion for a new trial, or, as in the instant case, a motion for a new factfinding hearing, constitutes an appealable order where the motion was based on newly discovered evidence. Smith v. United States, 109 U.S.App.D.C. 28, 30, 283 F.2d 607, 609 (1960) (concurring opinion), cert. denied, 370 U.S. 950, 82 S.Ct. 1599, 8 L.Ed.2d 816 (1962); Balestreri v. United States, 224 F.2d 915 (9th Cir. 1955); Wright v. United States, 94 U.S.App.D.C. 307, 215 F.2d 498 (1954). In Gray v. United States, 112 U.S. App.D.C. 86, 299 F.2d 467 (1962), the United States Court of Appeals endorsed the procedure whereby a separate appeal is perfected from the denial of such a motion.[2] In Gray, the defendant filed a timely motion of appeal from his conviction and subsequently filed a motion for a new trial on the ground of ineffective assistance of counsel. The motion was denied following a hearing by the district court, and the defendant filed a separate appeal from that ruling. The circuit court then consolidated the appeals by treating the second appeal, even though it was not briefed or argued, "as an assignment of error in the appeal from the judgment." Id. at 87, 299 F.2d at 468.
Since the ineffectiveness issue was not raised in the Juvenile Branch until the motion for a new factfinding hearing was filed, we hold that appellant's failure to file a notice of appeal within 10 days from the denial of that motion[3] precludes us from reaching the ineffective assistance issue.[4]Gray v. United States, supra. Our review is limited to the question raised by the original appeal  whether there was sufficient *906 evidence to support respondent's convictions. The parties cannot by the simple expedient of entering into a stipulation to bring up a supplemental record confer a jurisdiction on this court that does not otherwise exist.[5]
In assessing the sufficiency of the evidence, we are required to give the government the benefit of all reasonable inferences. Richardson v. United States, D.C.App., 366 A.2d 433 (1976); Crawford v. United States, 126 U.S.App.D.C. 156, 375 F.2d 332 (1967). In this connection, it is settled law that we must make full allowance for the right of the trier of fact to determine credibility, weigh the evidence, and draw justifiable inferences of fact, and a conviction will not be reversed as long as there is evidence which reasonably permits a finding of guilt. Manago v. United States, D.C.App., 331 A.2d 335 (1975); Patterson v. United States, D.C.App., 301 A.2d 67 (1973). We also recognize that in applying this standard no legal distinction is made between direct and circumstantial evidence. United States v. Mackin, 163 U.S. App.D.C. 427, 439, 502 F.2d 429, 441, cert. denied, 419 U.S. 1052, 95 S.Ct. 629, 42 L.Ed.2d 647 (1974); United States v. Fench, 152 U.S.App.D.C. 325, 333, 470 F.2d 1234, 1242 (1972), cert. denied, 410 U.S. 909, 93 S.Ct. 964, 35 L.Ed.2d 271 (1973).
We conclude that the government's evidence against E.G.C., although partly circumstantial, reasonably permitted a finding that he was among the juveniles who participated in the beating and robbery and that he was guilty of the charges arising from that incident.
Affirmed.
NOTES
[1] Under the procedure set out in Smith v. Pollin, 90 U.S.App.D.C. 178, 194 F.2d 349 (1952), the trial court is without jurisdiction to grant a motion for new trial while an appeal is pending. Super.Ct.Cr.R. 33. The trial court nonetheless possesses the power to deny the motion and its denial will constitute an appealable order. Smith v. United States, 109 U.S. App.D.C. 28, 283 F.2d 607 (1960), cert. denied, 370 U.S. 950, 82 S.Ct. 1599, 8 L.Ed.2d 816 (1962).
[2] See also Smith v. United States, supra; Zachary v. United States, 275 F.2d 793 (6th Cir.), cert. denied, 364 U.S. 816, 81 S.Ct. 46, 5 L.Ed.2d 47 (1960); O'Neal v. United States, 273 F.2d 549 (5th Cir. 1960).
[3] Under D.C.App.R. 4 II(b)(1), a notice of appeal in a criminal case

Shall be filed with the Clerk of the Superior Court within ten days after entry of the judgment or order from which the appeal is taken unless a different time is specified by the provisions of the District of Columbia Code. [Emphasis added.]
[4] Even if a notice of appeal had been filed, we are not persuaded that the various alleged errors and omissions by trial counsel, either separately or in the aggregate, "blotted out the essence of a substantial defense" and thereby deprived appellant of his Sixth Amendment right to effective legal representation. Woody v. United States, D.C.App., 369 A.2d 592 (1977); Angarano v. United States, D.C.App., 312 A.2d 295 (1973), petition for reconsideration denied, D.C.App., 329 A.2d 453 (1974) (en banc).
[5] D.C.App.R. 10(l) has no relevance to this situation.