**Rafael Narberto Pardo FERNANDEZ,
Petitioner-Appellant,**

**v.**

**UNITED STATES of America,
Respondent-Appellee.**

**No. 72-2515
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

April 15, 1974.

Rehearing Denied June 7, 1974.

Rafael Narberto Pardo Fernandez, pro se.

Robert W. Rust, U. S. Atty., Miami, Fla., for respondent-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

The only issue requiring discussion in this appeal from denial of a § 2255 motion is whether under Rule 11 Fed.R. Crim.P. a defendant entering a guilty plea must be advised that he is ineligible for parole. In Trujillo v. United States, 5 Cir., 377 F.2d 266, cert. denied, 389 U.S. 899, 88 S.Ct. 224, 19 L.Ed.2d 221 (1967), this court held there was no

such requirement, and that decision can be modified only by an en banc decision of the court. Sua sponte we took en banc United States v. Farias, 459 F.2d 738 (CA5, 1972), to determine whether *Trujillo* should any longer be followed, and we withheld decision in this case to await the result in *Farias*. The court en banc has, however, pretermitted decision of that issue, United States v. Farias, 488 F.2d 852 (CA5, 1974), with the result that *Trujillo* and now the panel opinion in *Farias* remain viable. We pretermit discussion of the differing views of the members of this panel, since in any event we are bound by *Trujillo* and now by the panel opinion in *Farias*, unless and until the full court decides otherwise.

The other two points raised by appellant are totally without merit.

Affirmed.

---

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

