379 So.2d 904 (1980)
Eugene WARE
v.
STATE of Mississippi.
No. 51398.
Supreme Court of Mississippi.
January 30, 1980.
Edmund Lee Baugh, Jr., Aberdeen, for appellant.
A.F. Summer, Atty. Gen., by Karen A. Gilfoy, Asst. Atty. Gen. and Carolyn B. Mills, Special Asst. Atty. Gen., Jackson, for appellee.
EN BANC.
COFER, Justice, for the Court:
The opinion and the dissenting opinion hereinbefore entered are withdrawn after consideration of appellee's Petition for Rehearing, and the following is the controlling opinion.
Eugene Ware entered plea of guilty in the Circuit Court of Monroe County to two charges (1) aggravated assault and (2) attempted armed robbery, to which charges he had earlier pleaded not guilty. In the proceedings leading to his change in his plea, the court meticulously explained the results of his plea and made sure he understood the consequences and that his plea was voluntarily and understandingly chosen. He was not advised, until it was made a part of his sentencing proceedings, that the sentence for attempted armed robbery was without parole.
*905 Mississippi Code Annotated, section 47-7-3 (Supp. 1978), provides in part:
(d) No person shall be eligible for parole who shall on or after January 1, 1977, be convicted of robbery or attempted robbery through the display of a firearm.
Appellant's plea of guilty took place on October 25, 1978, and his sentence was imposed on November 3, 1978, at which time the sentencing court informed him the sentence would be served without parole.
Promptly after the sentence was imposed appellant filed petition for writ of error coram nobis. The petition, with appellant faltering to some small degree in its prosecution, was heard fully and denied by the circuit court.
This appeal from that denial is upon two assignments of error:
1. The trial court committed reversible error in denying appellant's petition for writ of error coram nobis.
2. Appellant was not afforded effective assistance of counsel.
A careful search of the record fails to reveal an actual reliance on any hope of parole while deliberating on whether to enter his guilty plea. There is not shown any effort to procure a delay before the actual sentencing when, thereat, he learned for the first time that there would not be any parole available.
Unless the trial court's judgment amounts to a clear abuse of judicial discretion or that the court's decision on the coram nobis petition is incorrect, the court's denial of the writ, after full hearing as here shown to have taken place, will not be disturbed on appeal.
In Botts v. State, 210 So.2d 777 (Miss. 1968), this Court said:
The function of a writ of error coram nobis is to bring to the court's attention some matter of fact which does not appear on the face of the record which was unknown to the court or the parties at the time, and which, if known, and properly presented, would have prevented the rendition of the original judgment ...
The burden of proof is upon the petitioner on an application for a writ of error coram nobis to establish to a reasonable probability facts upon which he relies for relief. (Authorities omitted).
The question as to whether or not a new trial should be granted on an application for a writ of error coram nobis is largely within the sound discretion of the trial court, and where the record discloses the full hearing on the petition, the judgment of the trial court should be sustained unless it appears on appeal that the judgment is a clear abuse of judicial discretion or that the order of the trial court on the hearing upon a petition for writ of error coram nobis is incorrect as a matter of law. (Emphasis added). (210 So.2d at 779).
We are without precedent in this jurisdiction by which to be guided in resolving the question as to whether the bar against parole in this case should have been explained to appellant before his plea.
Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), spoke thus:
What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. . .. (Emphasis added). (395 U.S. at 244, 89 S.Ct. at 1712, 23 L.Ed.2d at 280).
In Alexander v. State, 226 So.2d 905 (Miss. 1969), we said:
Of equal importance, in a crucial stage of a criminal proceeding, is the decision of an accused to plead guilty to a felony charge. The trial court should not accept a guilty plea or a change from a not guilty to a guilty plea without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequence of the plea. (Emphasis added). (226 So.2d at 909).
*906 As mentioned above, we have not addressed the question as to whether deprivation of parole is one of those consequences necessarily to be known and understood by a pleading defendant. There is not unanimity on the issue among the courts.
The state, in support of its petition for rehearing, has cited United States v. Timmreck, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979). Timmreck entered a guilty plea to an indictment for a drug offense, in which, by statute, there accompanies the sentence a special mandatory parole period of years. 21 U.S.C.A. section 841(b)(1)(A). The sentencing judge explained to Timmreck the consequences of his plea, but failed to include in his information that there would be the mandatory parole term at the conclusion of the sentence. Timmreck took no appeal, but moved to vacate the sentence on the ground that Rule 11 of the Federal Rules of Criminal Procedure had not been followed through the Court's failure to apprise him of the parole time at the end of his imprisonment. That rule provides, and did when Ware was sentenced, in pertinent part:
* * * * * *
(c) Advice to Defendant. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:
(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; ... .
The United States Supreme Court, citing Hill v. U.S., 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962), held:
The reasoning in Hill is equally applicable to a formal violation of Rule 11. Such a violation is neither constitutional nor jurisdictional: the 1966 amendment to Rule 11 obviously could not amend the Constitution or limit the jurisdiction of the federal courts. Nor can any claim reasonably be made that the error here resulted in a "complete miscarriage of justice" or in a proceeding "inconsistent with the rudimentary demands of fair procedure." Respondent does not argue that he was actually unaware of the special parole term or that, if he had been properly advised by the trial judge, he would not have pleaded guilty. His only claim is of a technical violation of the rule. That claim could have been raised on direct appeal, see McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418, but was not. And there is no basis here for allowing collateral attack "to do service for an appeal." Sunal v. Large, 332 U.S. 174, 178, 67 S.Ct. 1588, 1590, 91 L.Ed.2d 1982. (441 U.S. at 783-784, 99 S.Ct. at 2087, 60 L.Ed.2d at 638).
The United States Court of Appeals for the Fifth Circuit has treated the issue in several cases.
Trujillo v. U.S., 377 F.2d 266 (5th Cir.1967), cert. denied, 389 U.S. 899, 88 S.Ct. 224, 19 L.Ed.2d 221 (1967), involved a defendant indicted on three counts: transporting and concealing marijuana, failure to pay transfer tax on the sale of marijuana, and unlawful sale of marijuana. On a sentence for unlawful sale of marijuana, the convict is ineligible for parole. [26 U.S.C., section 7237(d)]. Following his plea of guilty to the unlawful sale, appellant made a motion to vacate the sentence, on the ground that he should have been informed, prior to his guilty plea, that upon conviction, he would not be eligible for parole.
In upholding the judgment of the U.S. District Court, Southern District of Texas, the Circuit Court said:
The question for determination is whether a guilty plea may be accepted in a federal district court without the defendant first being informed that conviction upon a plea of guilty to the offense for which he is charged will render him ineligible for parole. We decide that the defendant need not be advised of the unavailability of parole, and affirm the judgment. (377 F.2d at 267).
* * * * * *

*907 F.R.Crim.P. provides in pertinent part that the court "shall not accept [a plea of guilty] without first determining that the plea is made voluntarily with understanding of the nature of the charge." This rule generally is interpreted to mean that the defendant should understand the "consequences of the plea." (Authorities omitted). Thus the issue here is whether ineligibility for parole is a consequence of the plea about which a defendant must be informed.

* * * * * *
It is obvious that while a defendant is entitled to be informed to the end that he will understand the nature of the charge, it is not necessary to this end that he be advised of every "but for" consequence which follows from a plea of guilty. (Examples of consequences not required, and authorities.) (377 F.2d at 268).
The appellant was apprised of the mandatory minimum sentence, the maximum possible sentence and the maximum possible fine. Through this information he well understood "the range of allowable punishments," Von Moltke v. Gillies, 332 U.S. 708, 724, 68 S.Ct. 316, 92 L.Ed. 309 (1948), and the consequences of his plea. See United States v. Cariola, supra, 2 Cir., 323 F.2d [180,] at 186. As to the contention that he should have been even further enlightened with respect to the unavailability of parole, we quote with approval from Smith v. United States, supra [(1963), 116 U.S.App.D.C. 404, 324 F.2d 436, cert. denied, 376 U.S. 957, 84 S.Ct. 978, 11 L.Ed.2d 975 (1964)]:
It will not be suggested by anybody that, before accepting a plea of guilty to an offense with respect to which parole is a possibility the judge must determine whether the defendant understands the nature of parole, his eligibility therefor, and the circumstances in which it may thereafter be granted. The reason is, of course, that eligibility for parole is not a "consequence" of a plea of guilty, but a matter of legislative grace. It is equally true that noneligibility for parole is not a "consequence" of a plea of guilty * * *; rather, it is a consequence of the withholding of legislative grace. (Emphasis added). ([116 U.S.App.D.C. at 409,] 324 F.2d at 441).
We therefore conclude that the judge was not required to inform appellant of ineligibility for parole upon conviction of the offense charged in count three ... (377 F.2d at 269).
This decision was followed in Fernandez v. U.S., 492 F.2d 771 (5th Cir.1974), United States v. Farias, 459 F.2d 738 (5th Cir.1972), and Rosas v. U.S., 505 F.2d 115 (5th Cir.1974). See also Ladner v. Henderson, 438 F.2d 638 (5th Cir.1971).
Appellant here received the full extent of that to which he was entitled. At his sentencing, on being belatedly advised that his sentence would be without parole, he could at least have undertaken to obtain a delay while he re-evaluated his guilty plea; and he was not, as a constitutional right, entitled to full parole information at or before his guilty plea.
The court reviewed the record, and denied the writ of error coram nobis. We cannot say its action was error.
AFFIRMED.
SUGG, BROOM, LEE and BOWLING, JJ., concur.
ROBERTSON and SMITH, P. JJ., PATTERSON, C.J., and WALKER, J., dissent.
ROBERTSON, Presiding Justice, dissenting:
Being of the opinion that the Circuit Court of Monroe County erred when it denied Ware's petition for writ of error coram nobis, I respectfully dissent.
This addendum to the Parole Law became effective on January 1, 1977:
"No person shall be eligible for parole who shall on or after January 1, 1977, be convicted of robbery or attempted robbery through the display of a firearm." [Miss. Code Annotated section 47-7-3(d) (1978 Supp.)].
*908 When the court allowed Ware to withdraw his "not guilty" pleas and substitute "guilty" pleas to aggravated assault (count 1) and attempted armed robbery (count 2) of the indictment, this additional consequence and penalty was not explained to the accused because neither defense counsel, the district attorney, nor the court knew of this recent addition to the parole statute.
Ware's guilty pleas were accepted on October 25, 1978, but it was not until November 3, 1978, the day set for sentencing, that the court informed the accused, just before sentencing him to 20 years on each count, that he would not be eligible for parole.
Ware promptly filed his petition for writ of error coram nobis. At the hearing on the petition, Ware testified:
"Q Now, if you knew at the time or before the time that you entered your plea of guilty, if you knew that you would not be eligible for parole under that twenty-year sentence, which was recommended by the State of Mississippi, would you have entered your plea of guilty to these charges?
"A No, sir.
"Q You might speak up.
"A No, sir.
"Q And you're now asking the Court to set aside your guilty pleas based on the fact that you were unaware when you entered the guilty pleas that you would not be eligible for parole under your sentence?
"A Yes, sir."
Honorable Edmund Baugh, Ware's court-appointed attorney, took the stand and testified:
"Your Honor, I would just like to state under oath that I was the appointed counsel for Eugene Ware at the time he entered his plea of guilty. And that at the time I did not advise him concerning Section 47-7-3 of the Mississippi Code of 1972 for the simple fact that I was not aware of said section until he was sentenced when Your Honor advised him that he would not be eligible for parole. I did not advise him that he would not be eligible for parole under his recommended sentence of twenty years in the custody of the Mississippi Department of Corrections.
"That's all I have to say."
The trial court's duty and responsibility was set forth in clear, forceful and unmistakable language by the Supreme Court of the United States in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969):
"What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. . .." 395 U.S. at 243-44, 89 S.Ct. at 1712, 23 L.Ed.2d at 280. (Emphasis added).
The Supreme Court of Mississippi, in Alexander v. State, 226 So.2d 905 (Miss. 1969), said:
"Of equal importance, in a crucial stage of a criminal proceeding, is the decision of an accused to plead guilty to a felony charge. The trial court should not accept a guilty plea or a change from a not guilty to a guilty plea without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea." 226 So.2d at 909. (Emphasis added).
This Court, on August 15, 1979, approved the Mississippi Uniform Criminal Rules of Circuit Court Practice, on the request of the Circuit Judges Section of the Mississippi Judicial Conference. Rule 3.03, among other things, provides:
"(3) Advice to the defendant
When the defendant is arraigned and wishes to plead guilty to the offense charged, it is the duty of the trial court to address the defendant personally and to inquire and determine:
A. That the accused is competent to understand the nature of the charge against him;

*909 B. That the accused understands the nature and consequences of his plea, and the maximum and minimum penalties provided by law;
C. That the accused understands that by pleading guilty he waives his constitutional rights of trial by jury, the right to confront and cross-examine adverse witnesses, the right against self-incrimination;"
(Emphasis added).
The matter is squarely before us because the first two assignments of error are:
1) The Court erred in not granting Appellant's Petition for Writ of Error Coram Nobis because the guilty plea entered by Appellant was invalid since it was not voluntarily, intelligently, knowingly and understandingly entered by Appellant.
2) The Court erred in not granting Appellant's Petition for Writ of Error Coram Nobis because Appellant was denied his right to the effective assistance of counsel, in that Appellant's counsel did not advise Appellant of Section 47-7-3 of the Mississippi Code prior to the time Appellant entered his plea of guilty to attempted armed robbery charge.
To me, it is abundantly clear that the recently enacted "no eligibility for parole law" is a part of the maximum penalty and an additional consequence of pleading guilty to (and, therefore, being convicted of) attempted armed robbery. I can think of no more discouraging and depressing consequence than that, no matter how genuine and sincere the repentance, and no matter how good and exemplary the subsequent conduct of the convicted may be, there is no hope of reward or forgiveness. The prohibition against parole is absolute.
The majority's reliance on United States v. Timmreck, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979), and Trujillo v. United States, 377 F.2d 266 (5th Cir.1967), cert. den. 389 U.S. 899, 88 S.Ct. 224, 19 L.Ed.2d 221 (1967), is misplaced.
First, and most significantly, Timmreck concerned a special mandatory parole period while here ineligibility for any parole is the issue. In Timmreck, two years after pleading guilty (as opposed to the prompt appeal here), Timmreck sought to vacate the sentence claiming that he had not been informed of the mandatory special parole term. The statute, 21 U.S.C. section 841(c), is worth quoting in full to highlight its difference from parole ineligibility:
"(c) A special parole term imposed under this section or section 845 of this title may be revoked if its terms and conditions are violated. In such circumstances the original term of imprisonment shall be increased by the period of the special parole term and the resulting new term of imprisonment shall not be diminished by the time which was spent on special parole. A person whose special parole term has been revoked may be required to serve all or part of the remainder of the new term of imprisonment. A special parole term provided for in this section or section 845 of this title shall be in addition to, and not in lieu of, any other parole provided for by law."
A special parole term is unique because a special parole violator receives no credit for the time he has already spent on parole. Bunker v. Wise, 550 F.2d 1155 (9th Cir.1977). A special parole term does not prevent a Federal offender from being eligible for parole after serving the minimum required time, but merely adds to his parole an additional number of years during which he will be under special parole supervision. If he violates that parole, he will be returned to prison without credit for time spent on parole.
The consequences of a special parole term are significantly different from the total ineligibility for parole involved here. Under a special parole term the defendant still has the expectation and possibility of parole after serving the minimum number of years for eligibility. Here the appellant is denied the possibility of parole he would normally be eligible for after serving one-third of his sentence. Ineligibility for parole, unlike the special parole term in Timmreck, is a significant consequence of a guilty plea of which petitioner Ware should have been informed.
*910 A second reason why Timmreck does not apply is because the court in Timmreck specifically noted the defendant did not claim he would have changed his plea had he known of the special parole term.
"Respondent does not argue that he was actually unaware of the special parole term or that, if he had been properly advised by the trial judge, he would not have pleaded guilty. His only claim is of a technical violation of the rule. That claim could have been raised on direct appeal, see McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418, but was not." 441 U.S. at 784, 99 S.Ct. at 2087, 60 L.Ed.2d at 638.
Subsequent Circuit Court decisions have placed much emphasis on this language in denying relief where the defendant failed to argue he was unaware of the special parole term or would not have pleaded guilty had he known of it. United States v. Horsley, 599 F.2d 1265 (3rd Cir.1979); United States v. Salas, 602 F.2d 215 (9th Cir.1979).
Those circumstances are readily distinguishable from the facts here where the evidence supports Ware's claim that he was unaware of his ineligibility for parole. Also Ware, unlike Timmreck, testified that had he known of his ineligibility he would not have pleaded guilty to attempted armed robbery.
A third point about the majority's reliance on Timmreck must be noted for future cases dealing with this issue. The majority opinion incorrectly quotes Rule 11 of the Federal Rules of Criminal Procedure as amended on December 1, 1975, while the defendant in Timmreck pleaded guilty under Rule 11 prior to the 1975 amendment. The Supreme Court indicated it was dealing with the pre-1975 rule in footnote 1 as follows:
"1. At the time of respondent's guilty plea, Rule 11 of the Federal Rules of Criminal Procedure provided:
`A defendant may plead not guilty, guilty, or with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea.'" 441 U.S. at 781, 99 S.Ct. at 2086, 60 L.Ed.2d at 637.
After 1975, the rule was changed to that quoted in the majority opinion, now requiring that a defendant personally be informed by the court and made to understand the mandatory minimum and maximum penalty provided by law.
Subsequent to the Timmreck decision, the amended F.R.C.P. Rule 11 quoted by the majority has been interpreted to require that a defendant be informed of the minimum special parole term and possibly of the maximum term if the court intends to give more than the minimum term. United States v. Sisneros, 599 F.2d 946, 948 (10th Cir.1979). Since ineligibility for parole is a far more severe and onerous consequence of pleading guilty than a special parole term and significantly affects both the minimum and maximum penalty, under new Mississippi Rule 3.03 supra, there would appear to be no question that the defendant must be informed of his complete ineligibility for parole before the court could accept a guilty plea.
In Trujillo v. United States, supra, the 5th Circuit held that ineligibility for parole is not a consequence of a guilty plea about which a defendant must be informed. This is the minority view among the Federal Circuits, the soundness of this decision having been questioned by the 5th Circuit itself.
Eight of the Federal Circuit Courts directly addressing this issue have disagreed with the Trujillo decision, holding that ineligibility for parole is a consequence about which a defendant must be informed for him to voluntarily and knowingly plead guilty. Otero-Rivera v. United States, 494 F.2d 900 (1st Cir.1974); Bye v. United States, 435 F.2d 177 (2nd Cir.1970); Berry v. United States, 412 F.2d 189 (3rd Cir.1969); Harris v. United States, 426 F.2d 99 (6th Cir.1970); Gates v. United States, 515 *911 F.2d 73 (7th Cir.1975); Moody v. United States, 469 F.2d 705 (8th Cir.1972); Munich v. United States, 337 F.2d 356 (9th Cir.1964); Jenkins v. United States, 420 F.2d 433 (10th Cir.1970). Only the Fifth Circuit and the D.C. Circuit in the first case to address this issue have held that ineligibility for parole is not a consequence of a guilty plea. Smith v. United States, 116 U.S.App.D.C. 404, 324 F.2d 436 (D.C. Cir.1963).
The "legislative grace" rationale in Trujillo which the majority opinion emphasizes has been firmly rejected by the eight Federal Circuits heretofore mentioned. The requirement of informing a defendant of the consequences of his plea is "not concerned with the legislative genesis of the ineligibility for parole, but with the extent to which ineligibility for parole could influence an accused's decision whether to plead guilty." Bye, supra, at 180. As the court in Harris, supra, at p. 100, explained:
"The First Circuit, in Durant v. United States, 410 F.2d 689 ([1 Cir.] 1969), rejected the rationale of Smith, supra, and Trujillo, supra, by observing that the contention that parole is merely a matter of legislative grace is inapposite in an inquiry whether parole eligibility is a `consequence' of a plea within the ambit of Rule 11. This argument `fails to distinguish between availability and eligibility for parole. It may be "legislative grace" for Congress to provide for parole, but when it expressly removes all hope of parole upon conviction and sentence for certain offenses, * * * this is in the nature of an additional penalty.' Id., at 691." 426 F.2d at 100. (Emphasis added).
Even the Fifth Circuit in subsequent decisions questioned the soundness of the Trujillo decision. Spradley v. United States, 421 F.2d 1043 (5th Cir.1970); Arrastia v. United States, 455 F.2d 736 (5th Cir.1972). Finally, in United States v. Farias, 488 F.2d 852 (5th Cir.1974), the court sitting en banc reconsidered Trujillo. The court decided against overruling Trujillo because the narcotics statute involved in these cases had since been amended to allow parole eligibility, and the amendment had been held to apply retroactively to petitioners such as Trujillo and Farias. Clearly the majority's reliance on Trujillo in view of these decisions is misplaced.
Several jurisdictions have held that various restrictions on parole eligibility are consequences of a guilty plea about which a defendant must be informed for his plea to be voluntary. State v. Holbert, 114 Ariz. 244, 560 P.2d 428 (1977); People v. Tabucchi, 64 Cal. App.3d 133, 134 Cal. Rptr. 245 (1976); People v. Blackburn, 46 Ill. App.3d 213, 4 Ill.Dec. 784, 360 N.E.2d 1159 (1977); Ohio Criminal Rules 11(C)(2); State v. Harvey, 5 Wash. App. 719, 491 P.2d 660 (1971). In State v. Holbert, similar to the facts here, the defendant pleaded guilty to armed robbery but was not informed at the time of his ineligibility for parole until a minimum sentence was served. The Arizona Supreme Court held this was a consequence of his guilty plea and vacated the sentence.
Parole is the norm and ineligibility for parole the exception, an exception of which petitioner Ware should have been informed.
"The nature of parole is well understood, and its availability may be regarded as assumed by the average defendant." Durant v. United States, 410 F.2d 689, 692 (1st Cir.1969).
Being of the opinion that Ware was not advised of the maximum penalty nor the full consequences of pleading guilty to attempted armed robbery, as specifically required by our case law and procedural rules in criminal cases, it inevitably follows (in my opinion) that he did not voluntarily and with full knowledge of the consequences plead "guilty" to attempted armed robbery.
I am, therefore, of the opinion that the petition for writ of error coram nobis should have been granted, and this cause remanded to the trial court so that petitioner Ware could withdraw his guilty pleas, again plead "not guilty" and assert his constitutional right to a trial by a jury of his peers.
Therefore, I respectfully dissent.
PATTERSON, C.J., SMITH, P.J., and WALKER, J., join in this dissent.