466 So.2d 910 (1985)
Michael Wayne WOMBLE
v.
STATE of Mississippi.
No. 54682.
Supreme Court of Mississippi.
March 27, 1985.
*911 Julie Ann Epps, William Sebastian Moore, Jackson, for appellant.
Bill Allain, Atty. Gen. by Catherine Walker Underwood, Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and HAWKINS and PRATHER, JJ.
PRATHER, Justice, for the Court:
This is an appeal from an order of the Circuit Court of Lamar County, R.I. Prichard, III presiding, dismissing the petition for writ of error coram nobis filed by Michael Wayne Womble upon demurrer by the state. We affirm.
Womble appeals assigning as error:
(1) The trial court erred in sustaining the state's demurrer to the petition without providing the appellant with notice and an opportunity for a hearing; and
(2) The trial court erred in sustaining the state's demurrer to the petition because at the time the guilty plea was entered, appellant was not informed by the trial judge of the special sentencing provisions regarding the crime of armed robbery.

I.
Michael Wayne Womble was indicted by the Lamar County Grand Jury on July 20, 1979 and charged with the crime of armed robbery. On July 29, 1980, Womble entered a plea of guilty to the crime charged. At the plea hearing, the trial court ascertained that the plea was entered knowingly, voluntarily, and not the result of threats or coercion. The trial court did not advise the appellant that the sentence for armed robbery was without parole. The trial judge did ask the defendant if his attorney had advised him of the maximum and minimum penalties.
On January 19, 1983, Womble filed a petition for writ of error coram nobis requesting that the special parole provisions relating to appellant's conviction be declared void based upon the trial judge's failure to advise appellant of these special provisions. On January 24, 1983, the state demurred to the petition on the grounds that "the record of the proceedings speaks for itself as to the defendant being represented by competent counsel and the defendant having been given competent advice of counsel." On the same day, the demurrer was sustained and the petition dismissed by the trial court for failure to state a cause for which relief could be granted.

II.
I. Did the trial court err in sustaining the state's demurrer to the petition without *912 providing the appellant with an opportunity for a hearing.
As noted above, the trial court sustained the state's demurrer to appellant's petition on the same day the demurrer was filed. No hearing was held and appellant was not served with a copy of the demurrer until after it had been ruled on by the court.
The briefs of the parties, filed before this Court's decisions in Sanders v. State, 440 So.2d 278 (Miss. 1983) and Tiller v. State, 440 So.2d 1001 (Miss. 1983), involved the question of when a hearing is required upon application for post conviction relief. This question was settled in Sanders v. State, where the Court stated:
Rule 8.07 adopts a manifestly-with-out-merit standard for testing petitioner's papers. The rule requires that the circuit judge immediately examine same and that
(3) if from the showing made by the petition it is manifest that the person whom, or on whose behalf, it is presented is not entitled to any relief, the court can refuse to grant the writ and enter an appropriate order.
On the other hand, unless the application is so lacking in merit as to justify summary dismissal under the standards just noted, the petitioner is entitled to an evidentiary hearing.
440 So.2d at 284; see also Tiller v. State, supra, at 1004.
The Sanders decision suggests, however, that an evidentiary hearing is not required in those cases which could be disposed of on a motion for summary judgment under Rule 56 of the Mississippi Rules of Civil Procedure, i.e., where "there is no genuine issue as to any material fact and where the moving party is entitled to judgment as a matter of law." Sanders, supra at 285, n. 4. This is significant because in Ware v. State, 379 So.2d 904 (Miss. 1980), this Court held that a defendant need not be informed of ineligibility for parole before entering a plea of guilty. 379 So.2d at 907. In light of Ware, supra, the failure of the trial court to provide petitioner Womble with a hearing would not constitute error because as a matter of law and under any possible facts, the appellant had no right to be informed of his ineligibility for parole.

III.
Did the trial court err in failing to inform the appellant of the special parole provisions applicable to the crime of armed robbery prior to accepting appellant's guilty plea?
Rule 3.03 Uniform Criminal Rules of the Circuit Courts of the State of Mississippi provides, among other provisions for a voluntary and intelligent guilty plea, that:
... [I]t is the duty of the trial court to address the defendant personally and to inquire and determine; ...
(B) That the accused understands the nature and consequences of his plea, and the maximum and minimum penalties provided by law; ...[1]
Thus, under Rule 3.03 an accused is entitled to know the consequences of his guilty plea. The question arises then of whether ineligibility for parole is a consequence of the plea. This Court answered that issue in Ware v. State, 379 So.2d 904 (Miss. 1980), in holding that a defendant, who entered a guilty plea to a charge of attempted armed robbery was not entitled to full parole information as a constitutional right at or before his guilty plea.
The Court notes a significant factor in the trial court's ruling. The pleadings in this petition for error coram nobis do not allege that the defendant was misinformed or uninformed as to any special parole provisions. *913 There is no allegation that he had no knowledge of ineligibility for parole, nor that his attorney failed to advise him. The petitioner here only alleges a technical violation of Rule 3.03 in that the trial judge did not advise him of the special provisions of parole. Nor does the defendant allege that his guilty plea would have been different if the judge himself, as opposed to his attorney, had informed him of these special provisions. This Court therefore concludes that relief under this petition for writ of error coram nobis is not available when all that is shown is a formal requirement of Rule 3.03. See Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962).

IV.
This Court concludes that the trial judge's ruling on the merits of this petition was proper.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P. JJ., and HAWKINS, DAN M. LEE, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
NOTES
[1] By contrast, Fed.R.Crim.Proc. 11, is similar to our state rule, except that subsection (c)(1) of the federal rule was amended in 1982 to provide further that the court must inform the defendant of "the effect of any special parole term."