# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 92-KA-00575-SCT

*STATE OF MISSISSIPPI*

*v.*

*WILLIAM HENRY PITTMAN, JR.*

### <u>ON PETITION FOR REHEARING</u>

| | |
|---|---|
| DATE OF JUDGMENT: | 5/27/92 |
| TRIAL JUDGE: | HON. FRED WICKER |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JOHN T. KITCHENS |
| | RICHARD D. MITCHELL |
| ATTORNEYS FOR APPELLEE: | THOMAS J. LOWE, JR. |
| | MERRIDA COXWELL |
| | T. JACKSON LYONS |
| DISTRICT ATTORNEY: | NA |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | REVERSED AND REMANDED - 3/14/96 |
| MOTION FOR REHEARING FILED: | 11/20/95 |
| MANDATE ISSUED: | 3/21/96 |

**EN BANC.**

**PRATHER, PRESIDING JUSTICE, FOR THE COURT:**

¶1. This Court denies the petition for rehearing and the original opinion is withdrawn and this opinion substituted therefor.

### *I. INTRODUCTION*

¶2. This appeal arises from a May 27, 1992, ruling of the Rankin County Circuit Court which set aside five guilty pleas previously entered by William Henry Pittman, Jr., on July 7, 1989. Pittman petitioned the circuit court pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act found in Miss.Code Ann. § 99-39-1 *et seq.* The circuit court[1] granted Pittman's motion for summary judgment on the ground that the judge who accepted Pittman's pleas did not follow Rule 3.03 of the Uniform Criminal Rules of Circuit Court Practice, and therefore, were involuntary as a matter of law. The State's motion for summary judgment,

based on *res judicata* and/or collateral estoppel, was denied. The State appealed seeking review of the following issues:

**A.**

Whether the trial court erred by granting Pittman's motion for summary judgment; and

**B.**

Whether the trial court erred by not granting the State's motion for summary judgment on collateral estoppel and *res judicata* principles?

## II. THE FACTS

¶3. William Henry Pittman, Jr. was arrested in December 1988 and charged with violations of federal and state law. On July 7, 1989, Pittman entered guilty pleas on five state counts. Pursuant to a joint federal/state plea agreement, Pittman was sentenced to five concurrent twenty year sentences for the five state counts. After serving his federal sentence, Pittman sought to have his guilty pleas set aside in both federal and state courts. The Fifth Circuit Court of Appeals rejected his claim. *See United States of America v. Pittman,* 909 F.2d 1481 (5th Cir.1990). However, Pittman was successful in the Rankin County Circuit Court. The State now appeals the Rankin County Circuit Court's ruling in Pittman's favor. Pittman was represented by counsel throughout the proceedings.

## III. THE LAW

A. Whether the lower court erred by granting Pittman's motion for summary judgment:

1) Whether Uniform Criminal Rule of Circuit Court Practice 3.03(3)(c) requires that the sentencing judge verbally ask and receive a verbal response to each and every right addressed therein;

2) If so, whether failure to comply was harmless error; and

3) Whether Uniform Criminal Rule of Circuit Court Practice 3.03(3) requires that a defendant pleading guilty to a "sex crime" has a right to be verbally informed by the sentencing judge that a psychological certification of the defendant is required before said defendant can be considered for parole.

¶4. The trial judge specifically held that Pittman's guilty pleas were involuntary, and therefore, invalid as a matter of law under the 1992 Uniform Criminal Rules which stated:

(3) When the defendant is arraigned and wishes to plead guilty to the offense charged, it is the duty of the trial court to address the defendant personally and to inquire and determine:

\* \* \* \* \* \*

B. That the accused understands the nature and consequences of his plea, and the maximum and minimum penalties provided by law;

C. That the accused understands that by pleading guilty he waives his constitutional rights of trial by jury, the right to confront and cross-examine adverse witnesses, the right against self-incrimination;

Uniform Criminal Rule of Circuit Practice 3.03(B) and (C).[(2)]

¶5. The State argued that the Circuit Court's interpretation of Rule 3.03 is too narrow and contended that any violation by the trial judge was harmless error. Additionally, the State claimed Pittman was not entitled to information concerning his eligibility for parole. Pittman agreed with the circuit court.

¶6. In the case *sub judice,* Pittman signed each page of a petition which advised him of the charges against him, the facts and circumstances serving as the basis for his indictment, the minimum and maximum punishments available, sentence recommendation of the prosecution, and that by pleading guilty he was waiving his rights to trial by jury, to confront and cross-examine witnesses, to call witnesses, to counsel, to testify or to remain silent without any adverse inferences drawn, to be presumed innocent, and the right to a unanimous jury verdict before being found guilty. The petition further stated that Pittman was 43 years old at the time he entered his pleas, had completed five years of college, could read and write, and was mentally competent.

¶7. When before the judge to enter his guilty pleas, Pittman gave full responses, stating that he had read, discussed with his attorney, signed, and understood the entire petition. Additionally, the judge questioned Pittman regarding his age, education, ability to read and write, mental stability, understanding of the indictments, and consequences of his guilty pleas. Although covered in the petition, the judge also questioned Pittman concerning the voluntariness of his pleas, Pittman's competency, consequences of his pleas, and maximum and minimum penalties.

¶8. In *Banana v. State,* 635 So.2d 851, 855 (Miss.1994), this Court was presented with a situation similar to the one in the case at bar. In *Banana,* the defendant had signed a petition in contemplation of entering a guilty plea. *Banana,* 635 So.2d at 855. As reflected by this Court's opinion, Banana was not interrogated by the trial judge prior to entry of the guilty plea as thoroughly as was Pittman. Still, this Court found the trial court's failure to totally comply with Rule 3.03 "purely technical" and "at best harmless error." *Banana,* 635 So.2d at 855.

¶9. In the case *sub judice,* all elements of Rule 3.03(4) were covered, both by the petition signed by Pittman and by the trial judge's interrogation. Clearly, the trial judge who accepted the guilty plea complied with the rule, and there was no deficiency in his inquiry. He had over six pages of questions in the record, and the defendant was represented and advised by his attorney. Where, as here, it is clear from the record that the defendant was fully advised of all elements of Rule 3.03(4) via a signed petition, and the judge discussed with the defendant his understanding of the petition, this Court will not allow a guilty plea to be set aside for noncompliance with Rule 3.03. This Court has held that the trial court's failure to comply with Rule 3.03 can be found harmless error, at least to the extent that the noncompliance pertains to the trial court's informing the defendant of the maximum and minimum sentences, if the defendant was correctly informed by another source or if it appears beyond a reasonable doubt that the plea would have been entered anyway. *Gibson v. State,* 641 So.2d 1163, 1166 (Miss.1994) (citing *Smith v. State,* 636 So.2d 1220 (Miss.1994); *Sykes v. State,* 624 So.2d 500 (Miss.1993); *Gaskin v. State,* 618 So.2d 103, 108 (Miss.1993)).

¶10. Pittman argued that this Court should affirm the circuit court's strict interpretation of Rule 3.03, i.e., requiring direct inquiry, question by question, by the judge rather than verbal confirmation of the defendant's understanding of a signed petition. From the record in this case, it appears beyond a reasonable doubt that Pittman understood all rights he waived by pleading guilty, the consequences of his pleas, and all other elements of Rule 3.03(4). It further appears from the record that Pittman's guilty pleas were entered fully and voluntarily. Consequently, even with the circuit court's strict interpretation of Rule 3.03, any error found is harmless.

¶11. The State is further correct that a defendant who enters a guilty plea is not entitled to parole information at or before entry of his plea. *See Alexander v. State,* 605 So.2d 1170, 1173-74 (Miss.1992) ; *Womble v. State,* 466 So.2d 910, 912 (Miss.1985); *Ware v. State,* 379 So.2d 904, 907 (Miss.1980). Nonetheless, the affidavit sworn by the attorney who represented Pittman at the time he entered his pleas reveals that Pittman was advised of the psychological evaluation required for parole prior to entry of the pleas. The petition signed by Pittman also stated that he would not be eligible for parole until "found to be normal or of sound mind by a psychiatrist."

## *CONCLUSION*

¶12. In sum, this Court finds that the special circuit judge erred in granting Pittman's motion for summary judgment on his former guilty plea, and holds that there was no violation of the requirements of Rule 3.03. Therefore, we reverse and remand for a hearing on the remaining issues.

**¶13. REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH WITH THIS OPINION.**

**SULLIVAN, P.J., and PITTMAN, BANKS, McRAE and JAMES L. ROBERTS, Jr., JJ., concur. DAN M. LEE, C.J., and SMITH and MILLS, JJ., not participating.**

1. Special Circuit Court Judge Fred Wicker presided.

2. This language is identical to the 1995 edition of the Uniform Circuit and County Court Rules 8.04(A)(3) and (4).