# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 93-KP-00852-SCT

*EDDIE JAMES SHANKS*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 3/24/93 |
| TRIAL JUDGE: | HON. ROBERT WALTER BAILEY |
| COURT FROM WHICH APPEALED: | WAYNE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: SCOTT STUART |
| DISTRICT ATTORNEY: | NA |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 4/11/96 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 5/2/96 |

**EN BANC.**

**SMITH, JUSTICE, FOR THE COURT:**

¶1. Eddie James Shanks filed a motion for post-conviction relief in the Circuit Court of Wayne County alleging that his guilty plea to armed robbery was involuntary and unintelligently made. The trial judge entered an order denying the motion for post-conviction relief. Shanks filed an appeal to this Court claiming that the trial judge's comments regarding parole were misleading. We disagree. The trial judge was not required to inform Shanks of his ineligibility for parole. *Ware v. State*, 379 So. 2d 904, 907 (Miss. 1980).

## FACTS

¶2. On April 2, 1990, Shanks pled guilty to armed robbery and robbery. Shanks received a twenty-five year sentence for armed robbery and a fifteen year concurrent sentence for robbery.

¶3. On February 18, 1993, Shanks filed a motion for post-conviction relief in the Circuit Court of Wayne County requesting that his guilty plea to armed robbery be vacated because the trial judge and his attorney failed to inform him that the first ten years of his armed robbery sentence would have to be served without possibility of parole pursuant to Miss. Code Ann. § 47-7-3(1)(d)(Supp. 1990). On March 25, 1993, the trial judge entered an order denying the motion for post-conviction relief. In denying the post-conviction

relief, the trial judge found that:

> Mr. Shanks understood each paragraph [of his guilty plea petition] including Paragraph 16. . . . He stated that he understood whether he made parole or did not make parole would be up to the authorities at the Parole Board. Paragraph 16 of said petition, which Mr. Shanks signed under oath and which he told the Court he understood, states that any estimate of the time required to serve before becoming eligible for parole or release made by his attorney was an estimate only and that the Parole Board was not bound by that estimate.

¶4. Shanks filed an appeal alleging that the trial judge failed to inform him that the first ten years of his sentence would be mandatory; thus, his plea was involuntary and unintelligently made.

## DISCUSSION OF LAW

### WHETHER THE TRIAL JUDGE'S FAILURE TO INFORM SHANKS OF THE MANDATORY PORTION OF HIS SENTENCE RENDERED THE PLEA INVOLUNTARY?

*¶5.* Shanks was informed of the minimum and maximum sentence he could receive for armed robbery in compliance with Rule 3.03(3)(B) of the Uniform Criminal Rules of Circuit Court Practice. The transcript of the guilty plea hearing indicates that Shanks was not informed that the first ten years of his sentence for armed robbery would have to be served without possibility of parole. *See* Miss. Code Ann. § 47-7-3(1)(d) (Supp. 1990). Shanks claims that this fact renders his guilty plea involuntary. The State contends that there is no requirement that defendants be advised of parole eligibility information prior to entering a guilty plea, citing *Womble v. State*, 466 So. 2d 910 (Miss. 1985) and *Ware v. State*, 379 So. 2d 904 (Miss. 1980).

¶6. In *Ware*, the defendant was not advised until the sentencing hearing that the sentence for attempted armed robbery was without parole. Likewise, Shanks claims that he did not learn about the non-parolable portion of his sentence until after he had entered his guilty plea. This Court held that Ware "was not, as a constitutional right, entitled to full parole information at or before his guilty plea." *Ware*, 379 So. 2d at 907. This language was later cited as authority in *Womble,* 466 So. 2d at 912. *See also Alexander v. State*, 605 So. 2d 1170, 1173-74 (Miss. 1992).

¶7. Shanks is clearly not entitled to an evidentiary hearing under these circumstances because the trial judge's comments found objectionable were accurate statements of the law. The trial judge merely made the statement that he did not have jurisdiction to determine parole eligibility. The parole board, not the trial court, has jurisdiction over parole matters.

¶8. Through the colloquy between the court and Shanks, the guilty plea was properly entered. Shanks was properly informed of the maximum and minimum sentence as required by Rule 3.03(3)(B) of the Uniform Criminal Rules of Circuit Court Practice. Shanks indicated that he understood the impact of entering a plea of guilty to the charge of armed robbery, and the trial court found that he knowingly and intelligently entered his petition. Jurisdiction over the parole decision is vested in the parole board once the trial court has properly accepted a plea of guilty. Although the parole board may be bound by laws, such as Miss. Code Ann. § 47-7-3 (Cum. Supp. 1995), in granting parole to a particular individual, there was no misrepresentation in the case at hand since the trial judge merely commented on the proper jurisdiction for parole decisions.

¶9. This Court, in ***Ware***, specifically held that a trial judge was not required to inform a defendant of his ineligibility for parole. 379 So. 2d at 907. Trial courts are not required to provide parole information because eligibility or ineligibility for parole is not a "consequence" of a plea of guilty, but a "matter of legislative grace" or a "consequence of the withholding of legislative grace." ***Smith v. United States***, 324 F. 2d 436, 441 (D.C. Cir. 1963), *cert. denied,* 376 U.S. 957 (1964); *see also* ***Fernandez v. United States***, 492 F. 2d 771 (5th Cir. 1974) (trial court not required to divulge parole eligibility information before accepting plea). There is no merit to this issue and we must affirm the trial court.

¶10. **DENIAL OF POST-CONVICTION RELIEF AFFIRMED**.

**LEE, C.J., PITTMAN, McRAE, ROBERTS AND MILLS, JJ., CONCUR. SULLIVAN, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY PRATHER, P.J., AND BANKS, J.**

### SULLIVAN, PRESIDING JUSTICE, DISSENTING:

¶11. While Shanks might not have a constitutional right to full parole information under our decision in *Ware*, he nevertheless is entitled to information that is not misleading. Because the trial judge misinformed Shanks concerning his eligibility for parole, the guilty plea was not properly entered. I therefore respectfully dissent.

¶12. In ***Vittitoe v. State***, 556 So. 2d 1062 (Miss. 1990), we held that "[b]efore a person may plead guilty to a felony he must be informed of his rights, the nature and consequences of the act he contemplates, and **any other relevant facts and circumstances**, and, thereafter, voluntarily enter the plea." ***Id.*** at 1063 (emphasis added) (citing ***Boykin v. Alabama***, 395 U.S. 238 (1969)). Furthermore, the dissent in ***Ware*** stated: "Parole is the norm and ineligibility for parole the exception, an exception of which petitioner Ware should have been informed. ***The nature of parole is well understood, and its availability may be regarded as assumed by the average defendant.***"***Ware***, 379 So. 2d at 911 (Robertson, P.J., dissenting) (emphasis added) (quoting ***Durant v. United States***, 410 F.2d 689, 692 (1st Cir. 1969)).

¶13. During the guilty plea hearing, the trial judge informed Shanks of the following:

> BY THE COURT: You understand that once I sign the sentencing order that whether you make parole or don't make parole is up to the authorities at the parole board and I loose [sic] complete jurisdiction over it; do [sic] understand that?
>
> BY MR. SHANKS: Yes, sir.

I find the trial judge's statement to be misleading. It likely led Shanks to the assumption that the parole board had the authority to grant parole during the first ten years of his sentence. The parole board, however, had no discretion as to the first ten years of a sentence for armed robbery pursuant to Miss. Code Ann. § 47-7-3.[1]

¶14. Our holding in *Ware* should not be extended to cover situations where a defendant is misinformed as to parole eligibility by the trial judge. As noted by the dissent in *Ware*, the average defendant assumes the availability of parole. It is particularly prejudicial to Shanks to be misinformed that the parole board has the authority to grant him parole when that authority is actually limited by § 47-7-3.

¶15. I therefore believe that Shanks was entitled to an evidentiary hearing to determine whether he was properly informed of the limitations of the parole board's authority in light of the trial judge's statements to the contrary.

**PRATHER, P.J., AND BANKS, J., JOIN THIS OPINION.**

1. This statute was amended in 1994 and 1995 so as to provide that persons convicted of armed robbery on or after October 1, 1994, shall not be eligible for parole. Miss. Code Ann. § 47-7-3(1)(d)(ii)(Supp. 1995).