# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2019-CT-01794-SCT

*KENDALL MAGEE a/k/a KENDALL K. MAGEE*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

DATE OF JUDGMENT:                      10/31/2019
TRIAL JUDGE:                           HON. DAVID H. STRONG, JR.
TRIAL COURT ATTORNEYS:                 TIMOTHY OTIS JONES
COURT FROM WHICH APPEALED:             WALTHALL COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:                KENDALL MAGEE (PRO SE)
ATTORNEYS FOR APPELLEE:                OFFICE OF THE ATTORNEY GENERAL
                                       BY: BARBARA WAKELAND BYRD
NATURE OF THE CASE:                    CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                           REVERSED AND REMANDED - 06/09/2022
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**GRIFFIS, JUSTICE, FOR THE COURT:**

¶1.     Kendall Magee pled guilty to second-degree murder and possession of a firearm by a convicted felon.  For his conviction of second-degree murder, Magee was sentenced to thirty-five years in the custody of the Mississippi Department of Corrections (MDOC), with ten years suspended and five years' post-release supervision.  For his conviction of possession of a firearm by a convicted felon, Magee was sentenced to ten years in the custody of the MDOC, with ten years suspended and five years' post-release supervision.  Magee's

sentences were ordered to run consecutively.[1]

¶2.    Magee timely filed a motion for post-conviction relief (PCR) and requested that his guilty plea be vacated. In his motion, Magee claimed his guilty plea was involuntary because (1) his attorney was ineffective and misrepresented the consequences of the plea and sentence, (2) his attorney was ineffective and failed to properly investigate his case, and (3) the circuit judge coerced him into pleading guilty. Regarding his misrepresentation claim, Magee asserted that his trial counsel "advised [him] to take the plea because he would only serve six to seven years in prison." According to Magee, after he entered his guilty plea, he learned that he was not eligible for early release and "that his actual time to serve in prison would be 25 years."

¶3.    In support of his motion for PCR, Magee attached Exhibits A through M, which included affidavits from Magee, his mother, and his two aunts. In his affidavit, Magee stated his trial counsel "contacted [him] concerning the proposed plea offer by the State." According to Magee, his trial counsel "affirmatively stated" that if he pled guilty, he would "only serve actual time in prison six to seven years." Magee explained that although "[n]o mention was made of early release programs [he] may or may not be eligible for . . . [,] [he] relied on the fact that [trial counsel] affirmatively told [him] [he] would only serve six or seven years." Magee concluded that

> [trial counsel] affirmatively misled [him] about the consequences of the plea, in particular, about the length of time [he] would actually serve in prison. If [he] had known that [he] would not serve only six or seven years . . . , [he]

---

[1] The record reflects that in sentencing Magee, the circuit court followed the State's recommendation.

would have rejected the plea offer and taken [his] case to trial.

¶4. In her affidavit, Magee's mother asserted that she "was present at a meeting between [trial counsel] and [Magee] where [trial counsel] advised [Magee] that if he would accept the plea offer[,] [he] would only serve 6 to 7 years in prison." Magee's aunts also stated in their affidavits that Magee's trial counsel advised Magee that he would only serve six to seven years in prison if he accepted the State's recommended plea offer.

¶5. In response to Magee's motion for PCR, the circuit court ordered an evidentiary hearing. Before the hearing, Magee filed a "motion for appointment of counsel for purposes of post-conviction evidentiary hearing," a "motion for continuance of evidentiary hearing pending appointment of counsel and preparation for hearing," and a "motion for order directing Walthall County Jail to permit special visit with evidentiary hearing witnesses." Magee had also previously filed a motion to recuse.[2]

¶6. At the evidentiary hearing, the circuit court denied Magee's motions, and Magee represented himself at the hearing. After the hearing, the circuit court denied Magee's motion for PCR, finding "no merit to Magee's claims."

¶7. In its order, the circuit court found "Magee . . . understood his rights and all implications of the plea and sentencing proceedings, including the minimum and maximum sentences for each count for which he was charged . . . ." The circuit court further found there was "nothing in the record to substantiate [Magee's] claims" that his attorney misrepresented the consequences of the plea and sentence and that his attorney did not

_____

[2] According to Magee, at the time of the evidentiary hearing, the motion to recuse had been pending for "at least two or three years."

properly investigate the case. The circuit court noted that the affidavits attached to Magee's motion for PCR "appear[ed] to have been written by Magee and signed by the family members" but that "none of these witness[es] provided [corroborating] testimony at the evidentiary hearing . . . ." The circuit court also found "[t]he allegations that Magee was coerced into pleading guilty by the judge [we]re simply untrue and dispelled by the record."

¶8. Magee timely appealed the circuit court's denial of his motion for PCR. The appeal was assigned to the Mississippi Court of Appeals. On appeal, Magee claimed the circuit court erred "by (1) not allowing him to present testimony of his former attorney or three witnesses at the evidentiary hearing, (2) failing to address his claim that he pled guilty in reliance on incorrect advice regarding his sentence, and (3) denying his motion to continue the evidentiary hearing." *Magee v. State*, No. 2019-CP-01794-COA, 2021 WL 4271912, at *2 (Miss. Ct. App. Sept. 21, 2021).

¶9. The Court of Appeals affirmed and found that the circuit court's "decision to deny post-conviction relief was not clearly erroneous." *Id.* at *5. First, the court found no evidence that Magee attempted to exercise his right to subpoena witnesses to compel their attendance at the hearing. *Id.* at *3. Second, the court found any "misinformation [by trial counsel] was corrected at the guilty-plea hearing." *Id.* at *4. Third, the court found the record "fail[ed] to reflect a need for appointment of counsel" and, as a result, there was "no abuse of discretion by the circuit court in denying Magee's motion for continuance pending appointment of counsel for the evidentiary hearing on his PCR motion." *Id.* at *5.

¶10. After the Court of Appeals denied his motion for rehearing, Magee filed a petition for

4

writ of certiorari. In his petition, Magee asserted his trial counsel "advised him that if he pled guilty with the State's recommendation as to his sentence, he would only spend six to seven years in custody." According to Magee, "he would not have pled guilty if he had known that he would be required to serve twenty-five years." Magee claims he "should have been allowed to prove his claim if he could do so and make a record of the evidence." He argues the circuit court erred by not allowing him to present witness testimony at the evidentiary hearing. This Court granted the petition.[3]

## STANDARD OF REVIEW

¶11. "When reviewing a [circuit] court's denial or dismissal of a PCR motion, we will only disturb the [circuit] court's decision if it is clearly erroneous; however, we review the [circuit] court's legal conclusions under a de novo standard of review." *Williams v. State*, 228 So. 3d 844, 846 (Miss. Ct. App. 2017) (internal quotation marks omitted) (quoting *Thinnes v. State*, 196 So. 3d 204, 207-08 (Miss. Ct. App. 2016)).

## DISCUSSION

¶12. In his motion for PCR, Magee claimed his plea was involuntary due to trial counsel's misinformation. Instead of summarily dismissing the motion for PCR under Mississippi Code Section 99-39-11(2) (Rev. 2020), the circuit court granted an evidentiary hearing. Thus, the circuit court apparently found Magee had presented sufficient evidence to warrant an evidentiary hearing. But despite granting an evidentiary hearing, the circuit court did not

---

[3] Whether the circuit court erroneously denied Magee's motion to continue the evidentiary hearing was not asserted in Magee's petition for writ of certiorari and will not be addressed.

order the State to file an answer to Magee's motion for PCR as required by Mississippi Code Section 99-39-11(3) (Rev. 2020). The State did not file a response to the motion nor did it file any counter-affidavits before the hearing.

¶13. At the evidentiary hearing, the circuit court first denied Magee's motion to appoint counsel and motion to recuse.[4] The following exchange then occurred:

> COURT: . . . [W]hat's your real beef? I mean, what are you here about? That's the question, is what -
>
> MAGEE: I'm here to overturn my case, my case overturned.
>
> COURT: Right. And your primary beef or primary complaint is that–a comment I made while you were pleading guilty; is that correct?
>
> MAGEE: And also what the lawyer told me.
>
> COURT: Okay. Well, who was your lawyer?
>
> MAGEE: Mr. Robert Laher.
>
> COURT: Who you hired, correct?
>
> MAGEE: Yes.
>
> COURT: Right. I don't know what he told you. That's none of my business. Candidly, it's - it's attorney/client privilege, and I don't - I have no idea what he did or didn't tell you.
>
> MAGEE: Okay. But I have three witness statements and everything. I have like three witnesses that heard what he said and like the time frame that he gave me, and wasn't - wasn't none of that true.

---

[4] The remaining motions filed by Magee were denied at the conclusion of the evidentiary hearing. Specifically, regarding the "motion for continuance of evidentiary hearing pending appointment of counsel and preparation for hearing" and the "motion for order directing Walthall County Jail to permit special visit with evidentiary hearing witnesses," the circuit court held, "We've had . . . our evidentiary hearing[,] [s]o those will . . . be denied."

6

COURT: Well –

MAGEE: And then when I tried to get rid of him, you wouldn't let me.

COURT: No, sir. You're incorrect about that. What I told you was – and let me tell you, Mr. Magee, you're not the first person to walk in here one or two days before a trial and say, I want a new lawyer. And I have told everyone and will continue to tell everyone who does that, you can hire anybody you want to, but they better be ready to go to trial because this trial date's been set for a month. And you don't – you can't come in here the day before and say, well, I want a new lawyer, and, therefore, I'm going to continue my trial date. That's not the way it works.

MAGEE: It wasn't the day before. He never said anything about trial right then. It was a plea. It was a plea date, and then when he told me that he didn't know about certain things going on, then that's when I brought it to your attention, that I wanted to get rid of him. And then you told me that court was going on, fixing to go on like the next week or a couple of days of the next week. And there was no time that I would have any chance of getting a lawyer or somebody to get on my case at that point.

. . . .

COURT: Yeah. We were in trial term, and it was set that week.

MAGEE: Why you told me it was a plea? Wasn't nothing about a trial right then.

COURT: Well, again, what went on between you and your lawyer is between you and your lawyer, but you've - you've shown me or presented to me absolutely nothing that would lead me to overturn your conviction, nothing. . . . So unless you've got something else to present, Mr. Magee, I'm going to deny your motion for post-conviction relief.

MAGEE: Okay. So on my motion – you're denying my motions, too?

COURT: Yes, sir.

MAGEE: You don't want to look at them?

COURT: Let me see them.

7

(THE BAILIFF PROVIDES THE DOCUMENTS FOR THE COURT'S REVIEW.) (BRIEF PAUSE.)

COURT: I am. We've had – we had our evidentiary hearing. So those will – those will be denied. You can go, Mr. Magee.

MAGEE: Okay. So all of my motions is denied, right?

COURT: Right.

¶14. The Court of Appeals found that Magee did not attempt to exercise his right to subpoena witnesses and compel their attendance at the hearing. *Magee*, 2021 WL 4271912, at *3. The court noted, "[a]lthough Magee stated that he had three witnesses, there is no evidence that the witnesses were present at the evidentiary hearing." *Id.* But while the record does not confirm the presence of witnesses, the record does confirm the circuit court's failure to address the issue. Despite granting an evidentiary hearing, at no time did the circuit court ask Magee if he had any evidence to present or any witnesses to call. Instead, the circuit court simply asked, "what are you here about" and then stated that whatever Magee's trial counsel told him was none of the circuit court's business. When Magee mentioned the three witnesses, the circuit court responded, "Well" and then moved on to another issue.

¶15. The Court of Appeals further found that because Magee was informed of the minimum and maximum sentences for each offense and was advised that he could be sentenced to the maximum penalty for each offense, his motion was without merit. *Id.* at *3, 5. The court noted that "[a] guilty plea is voluntary despite erroneous advice by counsel if the defendant's misconception is corrected by the court during the plea colloquy." *Id.* at *4 (internal quotation marks omitted) (quoting *Yates v. State*, 226 So. 3d 614, 619 (Miss. Ct.

8

App. 2017)). But Magee's misconception is not related to the minimum or maximum penalties. Magee does not argue that he received a higher sentence than the State's recommendation or that he pled guilty under a false impression as to the maximum sentence. Rather, Magee argues that his trial counsel advised that while *sentenced* to twenty-five years, he would "only *serve*" six to seven years of "actual time in prison." (Emphasis added.) In other words, while he acknowledged and understood that he could receive the maximum sentence, Magee asserts that his trial counsel misrepresented the amount of time he would have to serve before early-release eligibility. This alleged misrepresentation by trial counsel was not corrected by the circuit court during the plea colloquy.

¶16. "Because parole is a matter of legislative grace, parole eligibility or non-eligibility is not considered a 'consequence' of a guilty plea." ***Thomas v. State***, 881 So. 2d 912, 916 (Miss. Ct. App. 2004) (citing ***Ware v. State***, 379 So. 2d 904, 907 (Miss. 1980)). "Therefore, it is not a prerequisite to a voluntary plea that the defendant understand the nature of parole, his eligibility for parole, and the circumstances under which it may be granted." ***Id.*** (citing ***Ware***, 379 So. 2d at 907). "However, a plea is involuntary if a defendant is affirmatively misinformed regarding the possibility of parole and pleads guilty in reliance on the misinformation." ***Id.*** (citing ***Fairley v. State***, 834 So. 3d 704, 706 (Miss. 2003)).

¶17. Here, Magee asserted in his motion for PCR that he was affirmatively misinformed regarding the possibility of early release, and he stated in his affidavit that he pled guilty in reliance on this misinformation. Yet, despite granting an evidentiary hearing, the circuit court failed to address this issue.

¶18. As the Court of Appeals' separate opinion notes,

> The [circuit] court clearly erred in finding that what Magee's attorney told him was none of the court's business. It is the essence of Magee's claim that his guilty pleas were involuntary. From the transcript, it is clear that Magee, appearing pro se, was never asked whether he had any witnesses he wished to call in support of his petition. Further, because of the court's statement, it was reasonable for Magee to believe that the court did not want to hear from any witnesses about what the attorney said to Magee.
>
> . . . .
>
> . . . Magee alleges that his attorney advised him that he would serve no more than six to seven years of the twenty-five-year sentence. Magee also asserts that he would not have pled guilty if he had known that he would be required to serve twenty-five years. There is nothing in the plea colloquy that shows the circuit court addressed or corrected this misinformation Magee allegedly received from his attorney prior to entering his guilty pleas.
>
> Magee made a sufficient showing in his petition that as a result of misinformation received from his attorney, his guilty pleas were involuntary, making an evidentiary hearing necessary. . . . I would find that the circuit court, by its statements from the bench, effectively prevented Magee from putting on proof of this claim . . . .

*Magee*, 2021 WL 4271912, at *7-8 (Emfinger, J., concurring in part and dissenting in part)

(footnote omitted).

¶19. We agree and find Magee is entitled to a second evidentiary hearing[5] about "whether Magee was misinformed as to the consequences of his pleas of guilty and whether those pleas were given in reliance on the alleged misinformation." *Id.* at *8.

## CONCLUSION

¶20. The decision of the Court of Appeals is reversed. The decision of the circuit court is

---

[5] The State acknowledges that "[i]f . . . this Court agrees with the [Court of Appeals'] separate opinion written by Judge Emfinger, then the case should be remanded for a second evidentiary hearing."

reversed, and the case is remanded for an evidentiary hearing consistent with this opinion.

¶21.    **REVERSED AND REMANDED.**

**KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR. RANDOLPH, C.J., NOT PARTICIPATING.**